## G. J. BOLANDER AND E. GETZ *v.* R. B. GENTRY.

|   |   |
|---|---|
| 36 | 105 |
| 127 | 653 |

DEFENSE IN ACTION TO RECOVER PERSONAL PROPERTY.—If, during the pendency of an action to recover the possession of personal property, and before the trial thereof, the defendant has been required to deliver and has delivered the property to another person entitled to its possession, as against both plaintiff and defendant, that fact may be set up in the answer, or in a supplemental answer, for the purpose of defeating a recovery of the possession or of the value of the property.

IDEM.—In an action to recover the possession of personal property, brought against a Sheriff who seized it by virtue of an attachment, it is a good defense for the Sheriff to show that the defendant in the attachment, when insolvent, sold the property to the plaintiff to defraud his creditors with the knowledge of plaintiff, and that said defendant has since been declared a bankrupt, and the Sheriff has, on demand of the assignee in bankruptcy, delivered him the goods.

RIGHT OF ASSIGNEE IN BANKRUPTCY TO BANKRUPT'S PROPERTY.—If A., when in insolvent circumstances, conveys his personal property to B., for the purpose of

defrauding his creditors, and B. has knowledge of these facts, and A. is after-
wards, on the petition of his creditors, declared a bankrupt under the laws of the
United States, the sale of the goods by A. to B. is void, and the title to the same
vests in the assignee in bankruptcy, when appointed, and he may recover pos-
session of the same.

APPEAL from the District Court, Fourteenth Judicial Dis-
trict, Nevada County.

The defendant appealed.
The other facts are stated in the opinion of the Court.

*Whiting & Naphtaly,* for Appellant.

The appellant insists that if, pending an action of replevin,
the defendants discover the ownership of the property in suit
to be in a third party, he may set that up by way of supple-
mental answer, and that it constitutes a perfect defense. The
respondents deny this proposition, and upon its correctness
this case turns. The supplemental answer shows sufficiently
that the transfer from Wiedero to Bolander & Getz was,
within section thirty-five of the Bankrupt Act of 1867, void,
as being intended to give a preference; that, therefore, the
property remained in Wiedero until otherwise transferred, is
an unavoidable deduction. Under section fourteen, it vested
in the assignee in bankruptcy, upon his appointment, and he
became entitled to the possession of it.

It is not necessary, for the purpose of sustaining the validity
of this supplemental answer, to claim that Bolander &
Getz are concluded by the adjudication of bankruptcy. The
answer alleges all the facts necessary to show that the trans-
fer from Wiedero to Bolander & Getz was void, all the
facts necessary to show that Hyde was duly appointed
assignee, and that the property had vested in him as such
assignee. If they have not already had a day in Court, they
are now in the proper forum to litigate these questions. To
hold otherwise would be to entirely defeat the purposes of
the Act, and to assist disingenuous persons in effecting indi-
rectly that which the Act directly prohibits. (*Johnson* v.

*Neale,* 6 Allen, 227; *Parker* v. *Allen,* 1 Lord Raym. 217; *Pregrave* v. *Saunders,* 2 Lord Raym. 984; 1 Salk. 5; *Quincy* v. *Hall,* 1 Pick. 357–360: *Whitewell* v. *Wells,* 24 Pick. 32; *Dauson* v. *Wetherbee,* 2 Allen, 461; *Simcoke* v. *Fredericks,* 1 Carter, Ind., 54; *Marrenthal* v. *Shafer,* 6 Iowa, 223; *Ingraham* v. *Hammond & Mead,* 1 Hill, 353; *Rockwell* v. *Saunders,* 19 Barb. 481.)

*A. A. Sargent,* and *T. B. Reardan,* for Respondents.

Admitting for the present that in an action of replevin the defendant could plead title in a stranger, yet it cannot be done in this case. There is but one form of action in this State, and this is no more an action of replevin than it is trover, detinue, or trespass; it is *sui generis.* Replevin was originally confined to cases of distress, and the remedy was intended to enable a party to controvert the legality of a distress, in order to bring back the pledge to the proprietor, in case such distress had been unlawfully taken. (3 Black. Com. 13; 6 Law Lib., Replevin.) The proceeding was *in rem,* and was at first commenced by *original writ,* and afterwards by *plaint,* under the Statute of Marlebridge, 52 Hen. III, Ch. 21, which required the Sheriff, after complaint made to him by any one that his beasts had been taken and wrongfully withheld, to deliver them to the complainant *sine impedimento vel contradictione* of him that took them, the plaintiff giving bond to prosecute the action. In the suit that followed, the plaintiff, having had the property already returned to him, claimed damages for the taking, and the defendant or avowant, who, as well as the plaintiff, became an actor in the action, claimed a return of the replevied chattels, and damages for their detention.

There could be no action of replevin without a delivery to the plaintiff, by the Sheriff, of the property taken; the very name of the action suggests its effect. The judgment, if in favor of the plaintiff, was for damages for the taking; if for the defendant, it was for a return of the property, damages,

etc. Under the statute in this State, in the action to recover possession of personal property, the plaintiff cannot have damages for the taking, but only for the detention. The action may be maintained without a delivery of the property to the plaintiff; it can be sustained whether the taking was lawful or tortious; unlawful detention is sufficient. Replevin only could be brought where the caption was tortious. (8 Bacon Abr., title Replevin.)

The defendant, in his supplemental answer, in effect admits that he took the property from the plaintiffs without the least justification or authority. He does not even pretend that there was any connection between the assignee in bankruptcy and himself. He shows that he was a mere wrongdoer—a naked trespasser. The answer contains no defense, and the Court did not err in striking it out. (*Rogers* v. *Arnold*, 12 Wend. 30; *Demick* v. *Chapman*, 11 Johns. 132; *Cook* v. *Howard*, 13 Johns. 276; 1 Smith's Leading Cases, 477; *Duncan* v. *Spear*, 11 Wend. 54; Strange, 501; 1 Mod. 3; 15 Johns. 207; *Green* v. *Covillaud*, 10 Cal. 631.)

By the Court, SAWYER, C. J.:

This is an action to recover certain personal property, seized on the 29th of May, 1867, by the defendant, who was Sheriff of Nevada County, as the goods of one Wiedero, under an attachment issued in the suit of *Dinkelspeil* v. *Wiedero*. The answer alleged the seizure in the character of Sheriff, and that the goods were at the time the property of Wiedero.

Subsequently the defendant filed a supplemental answer, in which he averred, that since the commencement of the suit, on the 29th of July, 1867, one Henry Epstein filed his petition in bankruptcy in the District Court of the United States, against said Wiedero, setting forth that he was a creditor of Wiedero, and the other facts required by the Act of Congress to establish a uniform system of bankruptcy in the United States, and averring that, on the 24th of May,

1867, said Wiedero, being possessed of certain goods, wares, and merchandise, consisting of watches, jewelry, etc., in a store at Grass Valley, did make an assignment, sale, and transfer of the whole thereof to Bolander & Getz, said plaintiffs, with intent to delay, hinder, and defraud his creditors; that the same was done in contemplation of insolvency, with a view to hinder, etc., his creditors, and defeat the operation of said Act of Congress; that said Court made an order requiring said Wiedero to appear before said Court on the 12th of August, 1867, etc.; that said Wiedero appeared and answered, and, upon hearing, was adjudged and declared a bankrupt, etc.; that one Hyde was duly appointed assignee in bankruptcy of Wiedero, and all the estate, real and personal, of which Wiedero was the owner on the 29th of July, 1867, assigned to said Hyde; that in pursuance of said assignment, and said Act of Congress, said assignee made a demand upon defendant for the possession of the said property in dispute in this action, and took the whole of said property from defendant, and the said assignee is now in possession thereof; that said property referred to in said petition in bankruptcy, and in the complaint in this action, was, at the time of said transfer by Wiedero to Bolander & Getz, all the property owned by said Wiedero, and that said Bolander & Getz well knew that it was all the property said Wiedero had, and knew that he at the time owed other debts amounting to upwards of four thousand dollars, and was utterly insolvent; also avers, that the facts set forth in the petition in bankruptcy are true, and that this came to his knowledge since the filing of the original answer in this case. On motion of plaintiffs the supplemental answer was stricken out as irrelevant and impertinent, and constituting no defense—to which action defendant excepted.

The question is, whether the answer constituted a defense in whole, or in part, to the action. It is unnecessary to inquire whether it would, or would not, have constituted a defense to the old technical action of replevin.

The action is to recover the possession of personal property. No delivery was made to the plaintiff. In order to maintain the action, a right to the possession must have existed in the plaintiff at the time of the commencement of the action. But, if before the trial of the action his right to the possession has ceased, and the defendant has been required to deliver, and has delivered, the property to the party entitled to its possession, we do not see why that fact may not be set up, so as to defeat a recovery of the possession, or the value of the property. (*O'Connor* v. *Blake*, 29 Cal. 316.) It might not defeat a recovery of the costs of the action, or damages accrued up to the time the contingency happened, but why not defeat a recovery of the possession, or of the value, of the property? Such would be the result in an action to recover real estate, both under section two hundred fifty-six of the Practice Act, and at common law. We see no good reason why the same principle should not apply with reference to actions to recover personal property under our system. Section sixty-seven of the Practice Act provides, that, "where circumstances, occurring subsequently to the commencement of the action, render it proper, the same may be presented by supplemental pleadings, and issue taken thereon in the same manner as in the case of original pleadings." The only question is, whether the circumstances occurring in this case contain any substantial matter of defense. If property in the hands of a bailee is wrongfully taken from his possession by a stranger, at a time when the bailor is entitled to demand and receive the possession from the bailee, the bailee might undoubtedly maintain an action to recover the possession from the party wrongfully depriving him of it. But if, pending the action, the defendant himself should acquire from the bailor the title to the property and right of immediate possession, would it be pretended that the facts, if promptly set up in a supplemental answer, would not constitute a defense against a recovery of the possession, or of the value of the property? Upon what principle could the possession be taken from the owner

having a right of immediate possession by the party who has ceased to have any right of possession? So if the bailor, having the right of immediate possession, should demand the possession of the defendant pending the action, and he, having no right of possession, should yield to the demand of the party entitled, or its possession should be lawfully recovered in an action by such party, upon what principle could the plaintiff, who has no further right to the possession of the property, still recover after these facts are made to appear in due time and form? We can perceive no reasonable grounds upon which such a claim could be maintained. The defendant could not lawfully resist the demand of the real owner entitled to immediate possession, nor successfully defend an action brought by him; and if the bailee, with no right of possession as against the bailor, could also maintain the action in the face of such a defense, properly set up, he would be liable twice over, for the property or its value, for the same act.

In the present case, if the facts set up in the supplemental answer are true, the assignee is entitled to the possession of the goods in question, as against both plaintiffs and defendant, and the defendant could not lawfully have resisted the demand of the assignee for the possession of the goods. He was bound to deliver them up on demand. Had he not done so, the assignee could have recovered them. The goods, according to the averments of the answer, were the only property of Wiedero on the 24th of May, 1867, the date of the transfer to plaintiffs. He was on that day largely insolvent. Plaintiffs knew these facts. The transfer was made in contemplation of insolvency, and with a view to hinder, delay, and defraud his other creditors, and give preference to plaintiffs. The petition of Epstein was filed on the 29th July, 1867, within four months. Wiedero was adjudged a bankrupt. The Act of Congress makes the sale to plaintiffs, under the state of facts alleged in the supplemental answer— and for the purposes of this decision the allegations must be taken as true—void, and vests the title and right of immediate

possession of the property sold and transferred to plaintiffs, as well as property not transferred, if any there was, in the assignee. For the purposes of the Act, Wiedero was, in law, on the 29th of July, 1867, still the owner of the property so fraudulently transferred to plaintiffs. (14 Stats. at Large, U. S., 522, 523; Sec. 14, p. 524; Sec. 15, p. 534; Sec. 35, p. 536; Sec. 39, p. 537; Sec. 42.) From the moment of the assignment, the plaintiffs, on the facts averred, ceased to have any title to the property, or right of possession. The title and right of possession vested in the assignee. The defendant could not resist a recovery, and he delivered the property to the party entitled. He did simply what the law both authorized and required him to do. The title and right of possession having passed from the plaintiffs, and the property having been delivered to the party entitled, they are, in our judgment, no longer entitled to recover its possession. Their right has terminated pending the action. The matter set up, therefore, was material, and was improperly stricken out.

The judgment and order denying new trial reversed, and new trial granted, and remittitur directed to issue forthwith.

Mr. Justice CROCKETT, having been of counsel, did not sit in this case.