### James W. Hanson *vs.* Horatio G. Herrick.

A demand of a mortgagee of personal property upon an attaching officer, under the Gen. Sts. *c.* 123, §§ 62, 63, is sufficient, both in form and substance, which states in writing, as an account of the debt for which the property is liable to him, that the mortgage was given to secure payment of a note for a certain sum, and that both note and mortgage were made in consideration of the loan of a certain less sum by him to the mortgagor, which remained unpaid, and to secure him against his liability as surety on a certain outstanding bond of the mortgagor in a penal sum larger than the balance.

On the trial of an action by a mortgagee of personal property against an attaching officer for the conversion of it, the plaintiff may prove by parol evidence the actual consideration of the mortgage note, in order to establish the truth of the account stated by him to the officer, under the Gen. Sts. *c.* 123, § 63, of the debt for which the property was liable to him.

Personal property subject to a recorded mortgage and attached as property of the mortgagor, who was afterwards adjudged a bankrupt under the United States bankrupt act of 1867, *c.* 176, was thereupon surrendered by the officer to the assignee in bankruptcy. In an action by the mortgagee against the officer for conversion of the property, *Held,* that it was competent for the defendant to prove that the mortgage was void under the bankrupt act as a fraudulent preference of a creditor.

Tort against the sheriff of Essex for the conversion of a stock of hatter's goods by one of his deputies. Writ dated February 14, 1868. The defendant justified under an attachment of the property by the deputy, on the writ, dated November 11, 1867, and returnable at December term 1867 of the superior court for Essex, in an action of Simon Klous against Louis D. Gallison and Alton M. Stratton, copartners under the

firm of Gallison & Stratton; and alleged that, on the petition of the firm, they were, on December 31, 1867, declared bankrupts by the district court of the United States, under the bankrupt act, U. S. St. 1867, *c.* 176; that Klous proved his claim against them in bankruptcy; and that the assignee in bankruptcy took possession of the goods before the beginning of this action; and further alleged that any right or title of the plaintiff in the property at the time of the attachment was acquired in fraud of the bankrupt act.

At the trial in the superior court, before *Putnam,* J., the plaintiff introduced in evidence a recorded mortgage of the goods from Gallison & Stratton to himself, dated October 21, 1867, and expressed to be made in consideration of five hundred dollars paid to the mortgagors, and to secure the payment on demand of their promissory note to him for that sum with interest; and also evidence of a written demand made by him, under the Gen. Sts. *c.* 123, § 63, on the deputy sheriff, January 30, 1868, of which the following is the material part: " Said mortgage was made to secure the payment of a note on demand for five hundred dollars and interest. The consideration of said note and mortgage was the sum of three hundred dollars lent by me to said Gallison & Stratton at the time of the date of said note, and to secure and save me harmless from liability incurred by me in signing as surety a bond given by said Gallison & Stratton to Miami C. York in the penal sum of five hundred dollars; and there is now due me from said Gallison & Stratton for money so lent and secured by said mortgage the sum of three hundred dollars and interest from the date of said note, and I am still holden as surety upon said bond; and you are requested to pay to me said sum of five hundred dollars and interest, or at your election the sum of three hundred dollars and interest upon the same from the date of said notes, and to secure and save me harmless from liability by reason of having signed said bond as surety."

The plaintiff also introduced evidence which tended to prove the truth of the allegations above quoted from the demand and was permitted to show, against the defendant's objection

that he was sued on the bond in April 1868, and judgment was rendered against him in the suit, and he paid three hundred and seventeen dollars in satisfaction of the judgment.

The defendant introduced evidence which tended to prove the allegations of his answer, as to the circumstances of the attachment, the bankruptcy of Gallison & Stratton, the proof of Klous's claim, and the surrender of the goods to the assignee in bankruptcy; and " offered further to prove that said mortgage to the plaintiff was made in fraud of the bankrupt act, as being a fraudulent preference of creditors; but the judge ruled that the question of fraud under the bankrupt act was not open to the defendant in this action."

The judge further refused a request of the defendant for a ruling " that the plaintiff could only demand of the officer what was due absolutely at the time of the demand, and if the jury should find that at the time of making the demand there was due to the plaintiff absolutely only three hundred dollars and interest, then the demand was insufficient in law, and the plaintiff could not recover, although they should find that there was a parol agreement between the mortgagors and the plaintiff that the mortgage should be held as security to the extent of two hundred dollars for the indemnity of the plaintiff upon a contingent and future liability assumed for the accommodation of the mortgagors; " and he ruled, on the contrary, " that the demand was sufficient to entitle the plaintiff to bring this action."

Thereupon a verdict was taken for the plaintiff; and the defendant alleged exceptions.

*E. T. Burley*, for the defendant.

*D. Saunders*, for the plaintiff.

COLT, J. The objection that the certificate upon the back of the mortgage was not competent evidence to prove that the mortgage was duly recorded is not now relied upon. And the request for instructions relating to the duty of the plaintiff to point out and identify the goods claimed by him is also waived.

The plaintiff's demand upon the attaching officer was sufficient in form and substance. It was, in the words of the stat-

ute, a just and true account of the debt or demand for which the property was liable to him. Gen. Sts. *c.* 123, § 63. Evidence of the actual consideration of the mortgage note was properly admitted. It was the only way in which the account stated could be shown to be just and true. The actual consideration for a written promise may always be shown by parol, without violating the rule which excludes such evidence when offered to vary or contradict the writing. The evidence showing the actual extent of the plaintiff's liability upon the bond to secure which the mortgage was given was plainly competent. *Haskell* v. *Gordon,* 3 Met. 268. *Hills* v. *Farrington,* 6 Allen, 80.

But the ruling of the court that the question of fraud under the bankrupt act of the United States was not open to the defendant in this action cannot be sustained. The defendant distinctly sets forth in his answer that the property claimed by the plaintiff under his mortgage was attached by his deputy upon a writ against the mortgagors, who then had possession of it; that afterwards, and before the plaintiff's demand, the mortgagors were declared bankrupt in the United States district court; that their assignee in bankruptcy, before the commencement of this action, took possession of the mortgaged property so attached; and that the mortgage of the plaintiff was void under the provisions of the bankrupt act, as a fraudulent preference of creditors. This in effect sets up a title in another to the property, and possession taken under it, which is in some sense paramount to the plaintiff's title. And that title the defendant had a right to have passed upon in this action. It is not a question of jurisdiction, but of title. The United States courts have exclusive jurisdiction of proceedings in bankruptcy, but all questions of title to property derived through such proceedings are within the jurisdiction of the state courts.

It is a familiar principle, that the defendant in an action of trover may always show, in mitigation of damages, especially when the taking or the conversion was not wilful, that the property has gone from his possession, by process of law or otherwise, to the plaintiff, or to his use, or to a party who as against

the plaintiff had the better title to it. *Perry* v. *Chandler,* 2 Cush. 237. *Pierce* v. *Benjamin,* 14 Pick. 361. *Yale* v. *Saunders,* 16 Verm. 243, note.

As the case must go to a new trial upon the ground above stated, it is proper to add that it is not intended to decide that the evidence offered can only be competent in mitigation of damages. Property mortgaged may be attached and held in like manner as if unincumbered. And the mortgagee's right of action against an attaching officer of the property, in these cases, arises only upon a failure of the officer to pay or tender to the mortgagee the amount of his claim within ten days after the same is demanded. Gen. Sts. *c.* 123, §§ 62, 63. If therefore it shall appear that before the expiration of the ten days the property was surrendered by the officer to the superior title of the assignee, then the point may fairly arise and will be entitled to consideration, that the plaintiff never had a right of action and that the defence is good in bar.

*Exceptions sustained.*