## OSGOOD PUTNAM *vs.* JOSEPH ROWE.

An attachment, on a writ against A. B., of goods which A. B. has conveyed to a third person by a bill of sale absolute on its face, but really given as collateral security, cannot be dissolved, except by a demand made in accordance with the Gen. Sts. *c.* 123 §§ 62, 63.

TORT for the conversion of merchandise. Trial in the Superior Court, before *Dewey*, J., who reported the case for the determination of this court substantially as follows:

Charles F. Putnam and Albert Knights, partners under the style of C. F. Putnam & Company, being the owners of the merchandise in question, conveyed it to the plaintiff by bills of sale, in consideration of the plaintiff's guaranteeing to the firm of A. French & Company the payment of such sum, not exceeding $1000, as might be due from C. F. Putnam & Company to that firm. The bills of sale were absolute on their face, but were given and received as collateral security for the liability of the plaintiff on this guaranty. On March 15, 1870, the merchandise was attached, while in the plaintiff's possession, by the defendant, a constable of the city of Boston, on a writ against Charles F. Putnam and Albert Knights, and on March 21, 1870, the plaintiff notified the defendant in writing that the goods had been conveyed to him by the bills of sale, and demanded that they should be given up to him, but made no statement that they were held as collateral security. At the time of the attachment, and ever since, the plaintiff was and is liable to A. French & Company to the full amount of his guaranty.

The judge, being of opinion that the demand made upon the defendant was not sufficient to dissolve the attachment, directed a verdict for the defendant, which was returned. If the demand was sufficient, the verdict to be set aside; otherwise, judgment on the verdict.

*H. H. Mather*, for the plaintiff.

*R. Lund*, for the defendant.

BY THE COURT. As the report states that the plaintiff held the goods as collateral security, he held them either as pledgee or

mortgagee. They were attached under the Gen. Sts. *c.* 123, § 62, and it was necessary for the plaintiff to make a demand in conformity with § 63,* in order to dissolve the attachment. It was rightly ruled that his demand was not in conformity with the statute. *Judgment on the verdict.*

---

* "SECTION 62. Personal property of a debtor that is subject to a mortgage, pledge, or lien, and of which the debtor has the right of redemption, may be attached and held in like manner as if it were unincumbered : *provided*, the attaching creditor pays or tenders to the mortgagee, pawnee, or holder of the property, the amount for which it is so liable, within ten days after the same is demanded.

"SECTION 63. Every such mortgagee, pawnee, or holder, shall, when demanding payment of the money due to him, state in writing a just and true account of the debt or demand for which the property is liable to him, and deliver it to the attaching creditor or officer. If the same is not paid or tendered to him within ten days thereafter, the attachment shall be dissolved and the property shall be restored to him ; and the attaching creditor shall moreover be liable to him for any damages he has sustained by the attachment."