Lewis G. Stevenson and another *vs.* Robert N. McLaren, impleaded, etc.

June 29, 1876.

**Bankrupt Act—Fraudulent Transfers—Provisional Warrant.**—Under § 35 of the United States Bankrupt Act of 1867, transfers of property mentioned by it are, as against bankruptcy proceedings instituted within the prescribed time, absolutely void, and the property so transferred may be taken by the marshal under a provisional warrant issued in such proceedings.

This action was brought in the district court for St. Louis county, against the defendant McLaren and the defendants Noyes Brothers & Cutler, for the wrongful taking of a stock of goods alleged to belong to plaintiffs. The property had originally belonged to E. Newman & Co., and was by them transferred to plaintiffs, on November 1, 1873. A petition in bankruptcy was filed against E. Newman & Co., by the defendants Noyes Brothers & Cutler, on December 11, 1873, on which the usual order to show cause issued, and on the same day a warrant of seizure issued, by virtue of which the defendant McLaren, as United States marshal for the district of Minnesota, took possession of the goods in question as the property of E. Newman & Co.

The action was tried before *Stearns*, J., who found that, of the property taken, goods to the value of $101.72 were the property of plaintiffs, and had never belonged to E. Newman & Co. As to the remainder of the goods, he found that the transfer to plaintiffs was made in fraud of the bankrupt act, but was not otherwise fraudulent, and that the transfer could only be attacked by the assignee, and that it

was not lawful for the marshal to take the goods under a warrant of seizure. Judgment was ordered and entered against the defendant McLaren, for the value of all the goods taken by him, with interest and costs, and he appealed to this court. Judgment of dismissal was ordered and entered in favor of the defendants Noyes Brothers & Cutler.

*Bigelow, Flandrau & Clark*, for appellant.

*Gilman, Clough & Lane*, for respondents.

GILFILLAN, C. J. On November 1, 1873, the firm of E. Newman & Co., merchants, in insolvent circumstances, made to these plaintiffs a transfer of their stock in trade, etc., such as, though not void as to creditors under the law of the state, is declared fraudulent by the bankrupt act. On the 11th of December following, a petition for adjudication of bankruptcy was filed against them by their creditors, an order to show cause issued against them, and also a provisional warrant to this defendant, McLaren, then marshal of the district, commanding him, as such marshal, to take possession of all the property and effects of the debtors, and safely keep the same until the further order of the court. Under this warrant he took from the plaintiffs' possession the property which had been transferred to them, and for such taking they bring this suit.

The only question which we feel called on to decide is, did the warrant justify the marshal in taking property which the alleged bankrupts had transferred in fraud of the bankrupt act? We can discover no difference in this respect between the provisional and the final warrant.

Section 35 of the bankrupt act provides that such "sale, assignment, transfer, or conveyance shall be void, and the assignee may recover the property, or the value thereof, as assets of the bankrupt." The plaintiffs claim—and it was so decided by the court below—that this provision does not make the transfer void, but only voidable at the election of the assignee in bankruptcy when he shall bring suit to avoid it, and to recover the property or its value; and that as to

every one except the assignee bringing suit—even as to the bankruptcy court and its officers, other than the assignee when enforcing the act—it is good.

If the act merely gives to the assignee a right of action against a perhaps irresponsible transferee of the bankrupt to recover the property, or the value of the property transferred in fraud of its provisions, and furnishes no means to arrest and preserve the property till an assignee may be appointed, it is much less efficient to prevent frauds upon creditors than has been generally supposed. This construction is too narrow. The meaning of the act is that all transfers made to defeat its operation shall be absolutely void, so far as they might in any manner stand in the way of enforcing its provisions, where the proceedings are instituted within the time prescribed. In contemplation of the act, property so transferred is, in cases commenced within the time, the property of the bankrupt at the time of commencing the proceedings, as fully as though the fraudulent transfer had not been made; and the title vests at once in the assignee upon his appointment and the assignment to him.

This view of the act is fully sustained in *Bolander* v. *Gentry*, 36 Cal. 105, and *Hanson* v. *Herrick*, 100 Mass. 323; and, although we do not find any decision of the federal courts directly in point, the same view is indicated in *Foster* v. *Hackley*, 2 N. B. R. 406, (131*;) *In re Hussman*, Id. 437, (140*;) *In re Muller & Brentano*, 3 N. B. R. 86; *In re Dexter M. Briggs*, Id. 157; and, as we think, in the 13th amended order in bankruptcy.

The judgment must be modified by abating all except $101.72, with interest from December 23, 1873, and costs in the court below; the costs of this court to be taxed in favor of appellant.