## WILLIAM E. BICKNELL vs. WILMOT CLEVERLY.

Suffolk.    March 15. — July 31, 1878.    COLT & SOULE, JJ., absent.

In an action against an officer for the conversion of personal property attached by him on a writ against A., in whose possession the property was, it appeared that the property had been mortgaged by A., and the mortgage assigned to the plaintiff merely to indemnify him against liability as indorser of A.'s note ; and that, after the attachment, the plaintiff made a written demand upon the defendant as follows : " I hereby demand of you the sum of two hundred dollars, which is the amount due me on " the mortgage (describing it). *Held,* that the demand, though informal, was sufficient.

TORT, by the assignee of the mortgagee of certain personal property, for its conversion.    Answer, a general denial, and that the defendant, an officer, attached the property in question on a writ against the mortgagor.

At the trial in the Superior Court, before *Bacon,* J., the plaintiff put in evidence the following demand, made by him in due season upon the defendant : " I hereby demand of you the sum of two hundred dollars, which is the amount due me on a mortgage " (describing it).    The plaintiff also put in evidence tending to show that he was the assignee of the mortgage, and had purchased it, and that there was due him upon it the sum of two hundred dollars.

The defendant put in evidence tending to show that the plaintiff indorsed a note for the accommodation of the mortgagor, and that the mortgage was assigned to him merely to secure him against liability as such indorser.

The judge instructed the jury that if the mortgage was assigned to and held by the plaintiff simply and solely to indemnify him, in case he should be called upon to pay as indorser on the note held by the mortgagee, then the demand made upon the officer was not in compliance with the statute, and was inoperative.

The jury returned a verdict for the defendant ; and the plaintiff alleged exceptions.

*W. A. Herrick,* for the plaintiff.

*C. Q. Tirrell,* for the defendant.

MORTON, J.    The only question in this case is as to the correctness of the instruction given to the jury.

When mortgaged personal property is attached by a creditor of the mortgagor, it is the duty of the mortgagee, in order to dissolve the attachment and retain his lien, to demand payment of the officer or attaching creditor of the amount for which the property is liable to him, and to "state in writing a just and true account of the debt or demand for which the property is liable to him." Gen. Sts. *c.* 123, §§ 62, 63.

Any material misstatement in the account, which tends to mislead or in any way to injure the attaching creditor, renders the demand inoperative to dissolve the attachment, and defeats the right of the mortgagee to maintain an action against the attaching officer.

But it has been held that innocent inaccuracies or errors in the account, resulting from accident or mistake, and which do not mislead or injuriously affect the attaching creditor, do not invalidate the demand or defeat the mortgagee's right to enforce his lien. *Rowley* v. *Rice,* 10 Met. 7. *Harding* v. *Coburn,* 12 Met. 333. *Hills* v. *Farrington,* 6 Allen, 80. *Folsom* v. *Clemence,* 111 Mass. 273.

In the case at bar, the plaintiff's demand was for " the sum of two hundred dollars, which is the amount due me on " the mortgage. It would have been more formal and proper if it had stated that he held the mortgage as security for his liability as indorser of a note upon which two hundred dollars was due. But the error or informality of the statement did not tend to mislead or injure the attaching creditor. It has been held that, in cases of mortgages given to indemnify the mortgagees against future contingent liabilities, a creditor of the mortgagor may make a specific attachment of the mortgaged property, instead of resorting to the trustee process; and that in such a case the mortgagee must make a demand and notice which should be adapted to the character of his mortgage. *Haskell* v. *Gordon,* 3 Met. 268. *Codman* v. *Freeman,* 3 Cush. 306. *Hanson* v. *Herrick,* 100 Mass. 323. *Putnam* v. *Rowe,* 110 Mass. 28. But in such a case the creditor can only retain his attachment by paying or tendering to the mortgagee the amount for which the property is liable to him, within ten days after the same is demanded. Gen. Sts. *c.* 123, §§ 62, 63. The statutes do not authorize the creditor or the court to substitute any other security

for the mortgage, but the only mode in which the creditor can prevent a dissolution of his attachment is by paying or tendering the amount for which the property is liable.

In this case, therefore, if the plaintiff had in his demand stated specifically that the mortgage was held to indemnify him against his liability as indorser of a note upon which the sum of two hundred dollars was due, the attaching creditor could have only preserved his attachment by paying or tendering that sum. He was not in any way injuriously affected by the inaccuracy of the plaintiff's statement.

We are therefore of opinion that the ruling of the Superior Court was erroneous.          *Exceptions sustained.*