HENRY B. ROGERS *vs.* HUBBARD M. ABBOTT & another,
& trustee.

Hampshire.  Sept. 16, 1879. — Jan. 12, 1880.  AMES & ENDICOTT, JJ., absent.

Upon the issue of the validity of a mortgage to A. upon personal property of B.,
in whose possession it was attached by a creditor, and A. summoned as trustee,
under the Gen. Sts. *c.* 123, § 67, an instrument signed by A. and B. when the
mortgage was made, and as part of the same transaction, reciting that A. held
the mortgage for himself and in trust for others, to secure them severally from
loss on account of their indorsements of B.'s notes, a schedule of which was
annexed, is admissible to show the consideration for the mortgage, and that the
transaction was not fraudulent and void as against creditors.

A mortgage of personal property, given to secure the mortgagee against liability
as indorser for the mortgagor, is valid as against an attaching creditor of the
mortgagor, although the liability of the mortgagee does not become absolute,
and has not been paid until after the attachment.

At the trial of the question of the validity of a mortgage on personal property,
attached in the hands of the mortgagor, in which the mortgagee is summoned
as trustee, under the Gen. Sts. *c.* 123, § 67, the sum "justly due" upon the mort-
gage, to be ascertained by the court, is that sum which will fully secure the
mortgagee against all contingent future liabilities covered by the mortgage.

COLT, J.  Personal property in the possession of the principal
defendants, but subject to a mortgage to Samuel L. Parsons, was
attached by the plaintiff, and under the provisions of the statute
Parsons was summoned in the same action as trustee of the de-
fendants.  Gen. Sts. *c.* 123, §§ 67–71.

The validity of the mortgage was established by the verdict
of the jury in a trial on issues framed by the court.  It is made
the duty of the court, in such case, to ascertain the amount due,
and to fix a time within which the attachment shall become void
and the property be restored, unless the plaintiff pays or tenders
to the mortgagee the amount found due.

Two exceptions were taken in the course of the trial before
the jury.  One was to the admission of a writing which was
signed by the defendants and also by Parsons, when the mort-
gage was made, and as part of the same transaction, by which
it was declared that Parsons held the mortgage for himself and
in trust for two others, to secure them severally from loss on
account of their indorsements of the defendant's notes, a schedule
of which was thereto annexed.  But this evidence was clearly
admissible, as showing the actual consideration for the note and

mortgage, and as also showing that the transaction was not fraudulent and void as against creditors. *Commercial Bank* v. *Cunningham*, 24 Pick. 270. *Gardner* v. *Webber*, 17 Pick. 407. *Hanson* v. *Herrick*, 100 Mass. 323. *Hills* v. *Farrington*, 6 Allen, 80.

The other exception taken at the trial was to the refusal to rule that the mortgage was void as against the plaintiff, if it was given to indemnify Parsons for indorsing notes of the defendants which had not then matured and which did not mature and were not paid until after the attachment. But it is well settled that a mortgage given to indemnify one against his outstanding liabilities as an indorser for the mortgagor is a valid security for such liabilities, and cannot be defeated by an attachment made before the liability becomes absolute and has been paid by the mortgagee. The mortgagee is entitled to the full benefit of his security, as against the attaching creditor.

In *Haskell* v. *Gordon*, 3 Met. 268, where there was a simple attachment, without the trustee process, of personal property, mortgaged to secure the mortgagee from liabilities assumed as indorser for the mortgagor, it was said that there were great practical difficulties in carrying out fully the provisions of the statute, in cases of mortgages given to secure the performance by the mortgagor of future collateral acts, or to secure future contingent liabilities; and that these difficulties might be such, in peculiar cases, as to render it impossible for the creditor so far to comply with the duty devolving on him, after demand by the mortgagee, as to be able to retain his attachment of the property. But it was added, that this objection could not operate to prevent the attachment being made. And, when made, the creditor must pay or tender the amount for which the property is liable, when demanded, or lose his attachment. The statutes do not authorize the substitution of any other security for protection against a future contingent liability, and the only mode in which the creditor can retain his attachment is by paying or tendering the amount for which the property is contingently liable. *Bicknell* v. *Cleverly*, 125 Mass. 164. *Codman* v. *Freeman*, 3 Cush. 306. All this is equally applicable to attachments made under the statutes first above cited, when the mortgagee is summoned as trustee; the validity of the mortgage is tried by the jury; and the sum justly due is ascertained by the court,

instead of being left to the statement contained in the demand by the mortgagee. The sum justly due is that sum which will fully secure the mortgagee against all the contingent future liabilities covered by the mortgage. The court so found in this case, and the plaintiff's request, made after the verdict of the jury, that the court should find that the amount due was only the amount of a small note due from one of the defendants to Parsons, was rightly refused.

At the argument of this case, the plaintiff called attention to the fact that the record, as disclosed by the bill of exceptions, does not show that the court found the exact amount due on the mortgage, and then ordered the creditor to pay the same within a time named. But no such point appears to have been made at the trial, and the exceptions taken related to the specific rulings already considered, and not to the general conclusion discharging the trustee.                    *Exceptions overruled.*

*E. E. Webster*, for the plaintiff.

*J. C. Hammond*, for the defendants.