PABST BREWING CO. v. GREENBERG et al.

(Circuit Court of Appeals, Eighth Circuit. June 2, 1902.)

No. 1,699.

1. TRESPASS—DAMAGES RECOVERABLE—VALUE OF PROPERTY TAKEN.
   Where, in an action of trespass to recover damages for forcibly entering upon plaintiff's premises and taking therefrom certain personal property, it was shown on the trial that such property was all taken by its true owners, plaintiff cannot recover its value as an element of his damages.

In Error to the Circuit Court of the United States for the District of Minnesota.

John H. Ives, for plaintiff in error.

Moritz Heim and Stevens, O'Brien, Cole & Albrecht, for defendants in error.

Before SANBORN and THAYER, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. Greenberg Bros., hereafter called "plaintiffs," sued the Pabst Brewing Company, hereafter called "defendant," in the court below, in trespass, for the wrongful and forcible taking from the peaceable possession of said Greenberg Bros. of 10,000 glass bottles, the property of said plaintiffs, and of the value of at least $500. The complaint alleged that said "Pabst Brewing Company, its agents and servants, willfully and maliciously, with strong hands and a multitude of people, forcibly entered said plaintiffs' warehouse, and took possession thereof, accompanying said conduct with insulting, abusive, and oppressive demeanor towards plaintiffs, and wrongfully and unlawfully and by threats of violence intimidated the plaintiffs, and against their will destroyed and removed from said premises all of said personal property, and converted the same to its own use, to the damage of plaintiffs in the sum of ten thousand dollars." The defendant, by its answer, admitted that about March 2, 1900, upon the invitation and consent of Greenberg Bros., it took from the possession of said Greenberg Bros. not to exceed 500 bottles, of the value of $10, which bottles were the property of the brewing company; and denied any trespass or wrongful taking.

At the trial in the court below it appeared that on or about March 2, 1900, the representatives of several brewing companies went to plaintiffs' place of business in St. Paul, Minn., and then and there, according to defendant's evidence, each brewing company, with plaintiffs' consent, took from plaintiffs certain beer bottles which belonged respectively to each of said brewing companies. Plaintiffs introduced testimony tending to show that the bottles were taken by force. It was practically conceded at the trial that the bottles taken or destroyed were the property of the brewing companies, the only questions going to the jury being: First, the number of bottles taken or destroyed; second, whether they were taken by force, and, if by force, the amount of the damage. The learned trial court instructed the jury that, if they should find that the bottles were forcibly taken, then one item of damage would be the value of the bottles taken or destroyed. This instruction was excepted to, and is assigned as error in this court. We think that whether the defendant was liable for what its agents did in regard to its own property, or whether it was liable for the whole trespass as one of a number of joint wrongdoers, the instruction complained of was erroneous. This was an action of trespass; not replevin. Plaintiffs were not seeking to recover the possession of property of which they had been wrongfully dispossessed, but were seeking to recover the damages which naturally and legitimately resulted from the wrongful act of defendant. It is true that one who is in the actual peaceable possession of personal property may maintain trespass against any wrongdoer who forcibly injures or takes it away, including

the true owner. This is because trespass is an injury to the possession, and peaceable possession is prima facie evidence of title. This presumption of title, however, may be entirely overthrown. The plaintiff in trespass is generally the owner of the property, or one who has a special property therein. The only ground upon which a person merely in the peaceable possession of personal property may recover the full value thereof from the wrongdoer who takes it away is because the one who is in peaceable possession is liable over to the true owner. Hence it is that the defendant may always show, in a case of trespass, in mitigation of damages, that the property taken has been legally applied to the use of the true owner. In the case at bar, the plaintiffs being in peaceable possession of the property, it is correct to say that they could recover the full value of the property against any stranger to the title; but when it is shown by the evidence, as it was in the court below, that all the property taken had been taken by the true owner, then the plaintiffs could not be liable over to any one for the value of the property, and therefore the only reason why plaintiffs could ever recover the value thereof failed. In other words, when it appeared that the property had been taken by the true owner, then this fact mitigated the damages which plaintiffs could recover by eliminating the value of the property as an item of damage from the case Squire v. Hollenback, 9 Pick. 551, 20 Am. Dec. 506; Hanson v. Herrick, 100 Mass. 323; Borlander v. Gentry, 36 Cal. 110, 95 Am. Dec. 162; 3 Suth. Dam. 485.

For this error in the charge of the court the judgment below must be reversed, and a new trial granted, and it is so ordered.