HAVERHILL HARDWARE & PLUMBING SUPPLY CO. *vs.* FELLSWAY MOTOR MART, INC.

Suffolk.    October 8, 1943. — November 30, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Mortgage,* Of personal property: consideration, validity.

A finding of "present indebtedness" of a chattel mortgagor to the mortgagee as consideration for the mortgage was warranted by evidence that before the mortgage was given the mortgagee had advanced money to the mortgagor which was not repaid until after the mortgage was given.

TORT.    Writ in the Municipal Court of the City of Boston dated March 9, 1942.

The case was heard by *Adlow, J.* In this court it was submitted on briefs.

*G. A. McLaughlin & W. F. McLaughlin,* for the defendant.

*E. B. Karp,* for the plaintiff.

Cox, J.   This is an action of tort for the alleged conversion by the defendant of an automobile that had been sold to the defendant after its owner had mortgaged it to the plaintiff.   The trial judge found for the plaintiff.   The Appellate Division ordered the report dismissed, and the defendant appealed.   There are no findings of fact apart from the general finding for the plaintiff and findings that were made in connection with the judge's disposition of some of the defendant's requests for rulings.

There was evidence that on June 24, 1941, a check of the plaintiff for $900 was "advanced" to one Irving and used by him in the purchase of the automobile in question.   On June 27, the plaintiff's assistant treasurer went with Irving to a bank where a loan was arranged from the bank to Irving, the note being indorsed by the plaintiff through its assistant treasurer.   "At the same time" Irving executed a note secured by a mortgage of the automobile in the sum of $1,500, "which mortgage was to secure the plaintiff . . . against any liability on its endorsement on the note to the . . . Bank and such further indebtedness as might accrue from the transactions between the plaintiff . . . and Irving." The automobile was registered in Irving's name, his residence being given as Boston, and the mortgage was recorded in the clerk's office of that city.   Subsequently to the giving of the mortgage Irving received "further advances" from the plaintiff and made some payments, so that at the time of the alleged conversion the balance due the plaintiff was $1,427.17.   Irving testified that he paid to the plaintiff's assistant treasurer the $900 that he borrowed at the bank.

The mortgage contains the following recitals: "in consideration of Fifteen Hundred . . . dollars paid by . . . [the plaintiff] . . . the receipt whereof is hereby acknowledged . . . ," and "This mortgage is given as security for present indebtedness, on open account and to secure for any future debts or advances which may be made while this mortgage is in force."

The defendant requested sixteen rulings of law.   The report states that the defendant claimed to be aggrieved by the judge's refusal to rule as requested with respect to re-

quests numbered 4, 5, 6, 11, 12, 13 and 15. The defendant in its brief expressly waives its appeal in so far as it relates to requests numbered 12, 13 and 15. It has not argued requests numbered 6 and 11.

The fourth request, which was denied, is: "In the case at bar, as a matter of law, there was 'no present indebtedness on an open account owed by the mortgagor to the mortgagee,' as alleged in said mortgage as part of the consideration." Whether there was any present indebtedness or an open account owed by the mortgagor at the time the mortgage was given was a question of fact. Irving testified that he paid the plaintiff the $900 that he borrowed at the bank. We are of opinion that it was open on the evidence for the judge to find, as we think he did, that the mortgage had been executed before the $900 was paid to the plaintiff. This being so, it is unnecessary to consider whether the judge's refusal to give the fourth request might well be based upon the fact that it embodies merely a fragment of the issues involved. Moreover, it is unnecessary to do more than cite cases in which mortgages given as security for a present indebtedness or for future advances, or as indemnity for indorsing notes, have been considered. See *Badlam* v. *Tucker*, 1 Pick. 389, 398; *Adams* v. *Wheeler*, 10 Pick. 199, 202; *Commercial Bank* v. *Cunningham*, 24 Pick. 270, 274; *Goddard* v. *Sawyer*, 9 Allen, 78, 79; *Rogers* v. *Abbott*, 128 Mass. 102, 103; *Hall* v. *Tay*, 131 Mass. 192, 194–195; *Ettridge* v. *Bassett*, 136 Mass. 314, 317; *Banca Italiana Di Sconto* v. *Bailey*, 260 Mass. 151, 160.

There was no error in the denial of the fifth request, which is to the effect that the provision of the mortgage relative to security for future debts or advances is insufficient "to support a valid consideration to the execution of the said mortgage." We think it sufficiently appears, as already indicated, that the judge found that there was a present indebtedness which constituted a part of the consideration for the mortgage. It may be observed again that it is unnecessary to consider whether this request comes within the fragment rule so called.

The defendant has argued that the finding for the plain-

tiff is inconsistent with rulings that the judge made, substantially to the effect that the loan and advances to Irving were ultra vires. But this point is not presented by the report. *Langdoc* v. *Gevaert Co. of America, Inc., ante,* 8.

*Order dismissing report affirmed.*