JOHN M. WAY *vs.* WILLIAM Z. WHEELER & another.

By Gen. Sts. c. 124, § 13, and St. 1861, c. 112, when notice of an intention to take the poor debtors' oath is served by ‑eaving a copy at the last and usual place of abode of the creditor, the creditor is to be allowed not less than twenty-four hours' time in addition to the time allowed for travel.

CONTRACT against the principal and surety on a recognizance of the defendant Wheeler, made upon his arrest on an execution

issued by the Police Court of Boston. The condition of the recognizance was that Wheeler should deliver himself up for examination, &c., within thirty days from the day of his arrest, before some magistrate, &c. The answer alleged Wheeler's discharge according to law, after due notice to the plaintiff of his intention to take the poor debtors' oath, and the due administration of the oath to him by a master in chancery.

Trial by jury was waived, and the case was heard in the Superior Court by *Brigham,* C. J., and determined by him on finding the following facts: That the defendant Wheeler was duly arrested on the execution, November 22, 1870, by one John B. Neale, constable, and brought before Robert I. Burbank, master in chancery, and thereupon entered into the recognizance declared on; that, December 20, 1870, Burbank, at the request of the defendant Wheeler, issued a notice to the plaintiff, appointing the office of Burbank, in Boston, and December 22, at two o'clock, as the place and time when the defendant Wheeler would deliver himself up for examination before him for the purpose of taking the poor debtors' oath; that Neale served the notice upon the plaintiff by leaving a copy of it at his last and usual place of abode, on Copeland Street, Boston Highlands, December 21, 1870, at half past eleven o'clock, A. M.; that the plaintiff's last and usual place of abode, was more than three and less than three and a quarter miles distant from the office of Burbank; that the plaintiff personally received this copy about eight hours after it was left by Neale; that the defendant delivered himself up for examination, &c., before Burbank, at the place and on the time appointed in the notice, and remained there from two o'clock to twenty minutes past three o'clock, P. M., when neither the plaintiff nor any person on his behalf appearing, the poor debtors' oath was administered to him by Burbank, in the matter of the execution and arrest, and he was discharged, and relied upon the fact that he was thus discharged, as his compliance with the conditions of the recognizance, and his defence to the action.

The court upon these facts found for the plaintiff in the sum of three hundred dollars, the penal sum of the recognizance, and the defendants alleged exceptions.

*A. A. Ranney*, for the defendants.

*E. M. Bigelow*, for the plaintiff.

MORTON, J. The General Statutes provide that the notice of an intention to take the poor debtors' oath shall be served " by giving to the plaintiff or creditor, his agent or attorney, an attested copy thereof, or by leaving such copy at the last and usual place of abode of the plaintiff or creditor, his agent or attorney, allowing not less than one hour before the time appointed for the examination, and time for travel at the rate of not less than one day for every twenty-four miles of travel." Gen. Sts. *c.* 124, § 13. The St. of 1861, *c.* 112, provides that " whenever the notice permitted by the thirteenth section of the one hundred and twenty-fourth chapter of the General Statutes shall be served by leaving a copy thereof at the last and usual place of abode of the plaintiff or creditor, his agent or attorney, not less than twenty-four hours shall be allowed before the time appointed for the examination." It seems to us to be the obvious construction of these statutes, that where service is made by leaving a copy at his last and usual place of abode, the creditor is to be allowed not less than twenty-four hours in addition to the time allowed him for travel. The Statute of 1861 is designed as an amendment of the General Statutes, but it does not purport to make any change in the provision as to the time to be allowed for travel. That remains as before, and the only amendment is as to the time to be allowed in addition. That time is to be not less than twenty-four hours, instead of one hour, whenever the notice is served by leaving a copy at the last and usual place of abode of the plaintiff, his agent or attorney. In this case, therefore, the notice was insufficient. *Exceptions overruled.*