WILLIAM F. HOMER & others *vs.* A. H. SINNOTT & another.

Suffolk. November 11. — 29, 1875. ENDICOTT, J., absent.

Under the Gen. Sts. *c.* 124, § 13, one who is arrested on an execution in favor of a creditor, who does not reside or have a place of business in the county where the arrest is made, and who has no agent or attorney therein, may give notice of his intention to take the poor debtor's oath to the officer making the arrest; and the time for travel is to be determined by the distance between the place of service on the officer and the place of examination; and not by the distance at which the creditor or his attorney resides or does business therefrom.

CONTRACT on a recognizance entered into under the Gen. Sts. *c.* 124, § 10, by A. H. Sinnott as principal, and the other defendant as surety, and conditioned that Sinnott, who had been arrested on an execution in favor of the plaintiff, should, within thirty days from the day of his arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on an agreed statement of facts, in substance as follows :

On November 7, 1874, Sinnott was duly arrested by a deputy sheriff, at Worcester, in the county of Worcester, on an execution duly issued from the clerk's office of the Superior Court of Suffolk County upon a judgment obtained by the plaintiffs against him for the sum of $219. The officer took the debtor before a master in chancery for said county, before whom Sinnott entered into the recognizance in suit. Neither of the plaintiffs, or their

attorney, resided or had a usual place of business in Worcester County, and they had no agent in said county. No notice was served upon the plaintiffs, or their attorney, who resided in Middlesex County, and had their usual places of business in Suffolk County, but notice was served upon the officer, who made the arrest, at half-past nine in the forenoon, on the last of the thirty days, notifying the plaintiffs that Sinnott desired to take the oath for the relief of poor debtors, and that the time and place for the examination was at eleven o'clock on the forenoon of that day, at the office of the said master in chancery, in Worcester. At the time the notice was served on the officer he was within ten rods of the place appointed for the examination. No one appearing for the plaintiffs, at the time appointed for the examination, Sinnott was discharged.

*J. H. Hardy*, for the plaintiffs, contended that the notice was insufficient, as no time was allowed for travel, commensurate to the distance between the place of the examination and the place of residence or business of the plaintiffs and their attorney, and cited *Way* v. *Carlisle*, 13 Allen, 398; *Smith* v. *Randall*, 1 Allen, 456; *City Bank* v. *Fullerton*, 11 Met. 73; *Jacot* v. *Wyatt*, 10 Gray, 236.

*G. F. Verry & F. A. Gaskill*, for the defendants.

DEVENS, J. Neither the plaintiffs, nor any agent or attorney for them, residing in the county of Worcester, or having any usual place of business therein, service of the notice of intention to take the poor debtor's oath was properly made upon the officer who had arrested the debtor ; and unless a longer time previously to the examination is necessary where notice is thus served than would have been required if service had been made at the same time and place upon the plaintiffs or their attorney, the service was also in these respects sufficient. Gen. Sts. c. 124, § 13. *Jacot* v. *Wyatt*, 10 Gray, 236.

While the allowance of time is fixed by the clause of c. 124, § 13, which provides for service of the notice upon the plaintiff, his agent or attorney, and there is no express direction in reference to it in the clause in which provision is made for service upon the officer, the reasonable interpretation of the statute is that in such case the time is to be computed as in the case of service upon a plaintiff or his attorney. Unless this is so, no

rule whatever has been given, and we should be left to determine, without any guide from the provisions of the statute, whether the time of service of the notice should be, as the plaintiffs contend, such as would enable the officer to communicate with the plaintiffs and for them to reach the place of examination, or whether it should be computed from the place of residence of the plaintiffs, or that of their attorney, or from the place of business of one or the other. If either of such rules were adopted, the delay which the statute intended to avoid would inevitably occur where the plaintiff or his attorney resides in a remote county, and the speedy hearing to which the debtor is entitled would not be afforded him. If the plaintiff has arrested any person out of the county in which he or his attorney resides, or has his place of business, he can always secure sufficient notice to a person properly instructed by employing an agent or attorney therein who may appear and contest the discharge of the debtor; but, if he does not do this, the examination is not therefore to be delayed.

The notice served upon the officer is not for the purpose of enabling him to appear and contest the discharge of the debtor, nor is he under any legal duty to communicate with the plaintiff or his attorney, when such notice is served upon him, to enable them to do so. It is the duty of the creditor to have an officer at the place of examination, in case he shall desire to have the debtor rearrested, and should his discharge be refused him. *Stone* v. *Russell,* 11 Gray, 226. The notice served upon the officer enables him, if so instructed by the creditor, to be present at the place of the examination, and to rearrest the debtor, if the magistrate refuses to discharge him, and makes a certificate to that effect upon the execution. It might easily happen that the creditor would desire to be prepared for the contingency of a refusal by the magistrate to grant the discharge, even if he should not desire to incur the expense of contesting it in person or by attorney. *Judgment for the defendants.*