CENTRAL NATIONAL BANK *vs.* JOHN O'CONNOR & others.

Suffolk.    April 5. — June 30, 1877.    AMES & LORD, JJ., absent.

If, under the Gen. Sts. *c.* 124, § 13, notice of an intention to take the poor debtor's oath is served by leaving a copy at the last and usual place of abode of the officer making the arrest, not less than twenty-four hours, in addition to the time allowed for travel, are, under the St of 1861, *c.* 112, to be allowed the officer before the time appointed for the examination.

CONTRACT on a recognizance entered into, under the Gen. Sts. *c.* 124, § 10, on January 5, 1876, by the first named defendant as principal, and the other defendants as sureties, and conditioned that O'Connor, who had been arrested on an execution in favor of the plaintiff, should, within thirty days from the time of his arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on an agreed statement of facts in substance as follows:

Within the thirty days, O'Connor caused a notice of his desire to take the oath for the relief of poor debtors on February 4, 1876, at seven o'clock in the forenoon, in Marlborough, in the county of Middlesex, to be served on the plaintiff, on February 3, 1876, at fifteen minutes after four o'clock in the afternoon, by leaving a true and attested copy thereof at the last and usual place of abode, in Framingham, of the officer who made the arrest. Neither the plaintiff nor its agent or attorney resided or had a place of business in the county of Middlesex. The distance from the place of service to the place of hearing was not less than ten miles. O'Connor appeared before the magistrate at the time and place stated, remained until the expiration of the hour, and was then discharged, neither the plaintiff nor any one in its behalf appearing.

*B. D. Washburn,* for the plaintiff.

*W. B. Gale & J. E. Cotter,* for the defendants.

SOULE, J. The plaintiff contends that the judgment of the Superior Court in favor of the defendants was wrong, on the ground that the principal in the recognizance sued on failed to obtain a valid discharge, on his application to take the poor debtor's oath, because no proper service of notice thereof was made.

The only service was by leaving a true and attested copy at the last and usual place of abode of the officer who made the

arrest, less than fourteen hours before the time appointed for the examination. The St. of 1861, *c.* 112, provides that "whenever the notice, permitted by the thirteenth section of the one hundred and twenty-fourth chapter of the General Statutes, shall be served by leaving a copy thereof at the last and usual place of abode of the plaintiff or creditor, his agent or attorney, not less than twenty-four hours shall be allowed before the time appointed for the examination." This has been held to mean that the creditor is to be allowed not less than twenty-four hours in addition to the time allowed for travel. *Way* v. *Wheeler,* 112 Mass. 87. This statute makes no mention of service by leaving a copy at the place of abode of the officer, and it is contended that, therefore, a service which would have been seasonable, if made in that way, before this statute, is good since. The Gen. Sts. *c.* 124, § 13, provide that the notice shall be served by giving to the "plaintiff or creditor, his agent or attorney, an attested copy thereof, or by leaving such copy at the last and usual place of abode of the plaintiff or creditor, his agent or attorney, allowing not less than one hour before the time appointed for the examination, and time for travel at the rate of not less than one day for every twenty-four miles' travel," and that, if the creditor is not a resident of the county where the arrest is made, and "no such attorney or agent is found within the county, the notice may be served on the officer who made the arrest." This section gives no express direction as to the allowance of time when service is made on the officer. It has been held, however, to be the reasonable interpretation of the section that the time is to be computed in case of service on the officer, as in the case of service on the creditor or his attorney. *Homer* v. *Sinnott,* 119 Mass. 191. The St. of 1861, *c.* 112, adds twenty-three hours to the time to be allowed when service is by copy left at the last and usual place of abode of the creditor, his agent or attorney. It would seem to be the reasonable interpretation of this statute, that the allowance of time therein specially provided for, in the case of service by leaving a copy at the place of abode of the creditor or his attorney, is to be made in the case of service by copy at the place of abode of the officer. Service in this way on the officer, is permitted wholly in the interest of the debtor; and it cannot be supposed, in the absence of any

express provision, that the Legislature intended that less time should be allowed before the examination when service is made by copy, at the place of abode of one who has no interest in nor duty concerning the matter, than when the service is made by copy at the place of abode of the creditor himself. We are of opinion, therefore, that the ruling in favor of the defendant was erroneous, and there must be

*Judgment for the plaintiff.*