ABRAHAM L. CUTLER & another *vs.* FRANK W. BOYD.

Suffolk.   Nov. 14, 1877. — March 1, 1878.   COLT & AMES, JJ., absent.

When the notice of a desire to take the oath for the relief of poor debtors may, under the Gen. Sts. c. 124, § 13, be served " by any officer qualified to serve civil process," " on the officer who made the arrest," the latter cannot, without special authority from the creditor, accept service, or waive any of the rights of such creditor.

CONTRACT on a recognizance entered into on February 23, 1876, under the Gen. Sts. c. 124, § 10, by John F. Boyd as principal, and the defendant as surety, and conditioned that John F. Boyd, who had been arrested in the county of Middlesex, on an execution in favor of the plaintiffs, should, within thirty days from the day of his arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the · magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon. Writ dated March 30, 1876.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on agreed facts n substance as follows :

Neither of the plaintiffs, their agent or attorney, resided or had a usual place of business in the county of Middlesex, and no notice of the debtor's intention to take the oath for the relief of poor debtors was served upon them or upon any other person by any officer qualified to serve civil process.   The debtor applied to a master in chancery within and for the county of Middlesex for a notice, and one was duly issued on March 16, 1876, by such master in chancery, notifying the judgment creditors

that the judgment debtor, arrested on execution in their favor, desired to take the oath for the relief of poor debtors, and naming the day, hour and place for the examination, the time fixed being on March 18, 1876, at four o'clock P. M., which notice the judgment debtor took from the master in chancery and delivered to the officer who made the arrest, he being present when the notice was issued, and who then and there, in the presence of the master in chancery, waived service upon him of the notice by an officer qualified to serve civil process, and accepted service of the same in writing indorsed thereon, and took a duplicate thereof in the handwriting of the master in chancery, which he delivered to the plaintiffs' attorneys on the same day, at their office in Boston, in the county of Suffolk, and within ten miles of the place appointed for the examination.

The judgment debtor appeared before the master in chancery, at the time and place mentioned in the notice, and, there being no appearance on behalf of the creditor, and no payment of the magistrate's fees, he was discharged.

No special authority to waive or accept service was given the officer by the plaintiffs or their attorneys, and he had no authority in the matter other than what belonged to him as the arresting officer.

*J. B. Lord*, for the plaintiffs.

*E. T. Slocum*, for the defendant.

SOULE, J. It is essential to the validity of a discharge granted on an application to take the poor debtor's oath, that a proper notice be duly served on the proper person.

By the Gen. Sts. c. 124, § 13, it is provided that when, as in the case at bar, the creditor does not reside in the county where the arrest is made, and no agent nor attorney for him is found therein, the notice may be served on the officer who made the arrest, and that the service shall be made by any officer qualified to serve civil process. If the service is made on the wrong person, even though that person be the creditor, as may happen when he does not, but his attorney does, reside in the county, the error is fatal to the proceedings. *Putnam* v. *Williams*, 2 Allen, 73. It is not a question, therefore, whether the creditor was practically injured by the manner of service, or had actual knowledge of the application and of the time fixed for examina-

tion; but merely whether service was made in compliance with the terms of the statute. *Lord* v. *Skinner*, 9 Allen, 376.

The debtor in this case was entitled to proceed on a notice served, by an officer qualified to serve civil process, on the creditor or his attorney, or on the officer who made the arrest, at his election. No service on either was made by an officer, but it is contended that the certificate of the officer who made the arrest, accepting service of the notice, after the delivery to him of a copy of the notice, coupled with his oral waiver of service by an officer, was equivalent to the service prescribed by the statute. It is undoubtedly true that the service required by statute may be waived, and that such waiver may be proved by parol. *Lord* v. *Skinner*, 9 Allen, 376. *Francis* v. *Howard*, 115 Mass. 236. But waiver of a right can be made only by the person to whom it belongs, acting in person or by his agent. The officer who made the arrest had no interest in the proceedings, was not to be affected by the result, and was in no sense the agent of the plaintiff by reason of having made the arrest. *Way* v. *Carlisle*, 13 Allen, 398. *Homer* v. *Sinnott*, 119 Mass. 191. And the case finds that he had no other authority in the premises than that which resulted from his official connection with the case. His act therefore was in no way binding on the plaintiff, and cannot be held to have affected his rights. His acceptance of service was not a waiver by the plaintiff of his right to have the notice served by an officer qualified to serve civil process. It follows that the proceedings before the magistrate were defective, and the discharge of the debtor was illegal. There has been a breach of the recognizance, and there must be

*Judgment for the plaintiffs.*