FREDERICK A. ROBINSON *vs.* AUGUSTUS R. B. SPRAGUE.

Suffolk.    March 29. — November 8, 1878.

A demand, under the Gen. Sts. c. 123, § 63, by a mortgagee of a chattel, upon an officer, who had attached the chattel as the property of the mortgagor, stated that the mortgage was given to secure a certain sum, which sum was then due and interest accrued thereon, and gave the date of the mortgage, (which was eighteen days before the date of the demand,) and the place of record. In fact, the rate of interest reserved in the mortgage was seven per cent. *Held,* that this error did not invalidate the demand.

In an action by a mortgagee for the conversion of personal property, attached by the defendant, on a writ against the mortgagor, in whose possession the property was, the defendant is not entitled to have the fact that, after the expiration of the ten days limited by the Gen. Sts. c. 123, § 63, the property was returned to the mortgagor, considered in mitigation of damages.

COLT, J.    The plaintiff seeks to recover the value of personal property mortgaged to him, which was attached by the defendant's deputy, as the property of the mortgagor. A written demand was made on the attaching officer for the payment of the money due on the mortgage, which was not complied with, and the officer continued to hold the property under his attachment for more than ten days thereafter. The first question is, whether the plaintiff's demand contained a just and true account of the debt for which the property was liable to him, within the requirements of the Gen. Sts. c. 123, § 63.

The demand, which was dated August 12, 1875, stated that the mortgage under which the plaintiff claimed, given by George E. Whittum and dated July 24, 1875, was recorded in the town records of Ashburnham, and was made to secure the payment of $250, which sum was then due with the interest accrued thereon. It demanded payment of the mortgage and interest thereon. This implies interest at six per cent. computed from the date of the mortgage, unless controlled by the reference to the mortgage; by which it appears that the note of even date with the mortgage was to bear seven per cent. interest. It is not necessary to constitute a good demand, that the interest should be computed and added to the principal sum. *Jones* v. *Richardson,* 10 Met. 481. If the inaccuracy, in not stating the actual rate of interest, is not cured by reference to the mortgage, then the only ground of complaint is, that the plaintiff demanded about

twelve cents less than he had a right to demand, being one per cent. interest on $250 for eighteen days. There was no objection to the notice, except that it did not state the rate and time from which the interest was to be computed.

In *Harding* v. *Coburn*, 12 Met. 333, it was held that the jury were rightly instructed that the plaintiff must prove that the written statement which he made to the officer, of the debt for which the property was liable to him, was substantially true and correct, but that no slight, innocent and immaterial misstatement would defeat his action. In *Rowley* v. *Rice*, 10 Met. 7, it was said that, if more was demanded than the amount due, it would not avail the plaintiff unless the error was the result of accident or mistake, and unless the value of the property attached was less than the just and true sum for which it was pledged, so that the attaching creditor was not injuriously misled by the error, and had not suffered any pecuniary loss. *Bicknell* v. *Cleverly*, ante, 164. It is plain that the error in this case could not have been material. *Averill* v. *Irish*, 1 Gray, 254. *Johnson* v. *Sumner*, 1 Met. 172. *Hills* v. *Farrington*, 6 Allen, 80.

The remaining question is, whether the defendant is entitled to have the fact, that the attached property, after the expiration of the ten days, was returned to the mortgagor, considered in mitigation of damages. The statute provides that if the amount demanded is not paid, or tendered to the mortgagee, within ten days, the property " shall be restored to him." The legal title to the property was all in the mortgagee. He had the right, by the terms of the mortgage, to its immediate possession when first attached on mesne process. He alone could maintain an action of tort for its conversion. *Ring* v. *Neale*, 114 Mass. 111. The failure to restore the property to him within the time limited by the statute, or to pay the amount due on his mortgage, was an unlawful conversion of his property, for which, upon the facts here stated and found by the judge, he was entitled to recover the value. The plaintiff's right to treat it as a conversion was fixed by the expiration of the ten days without payment of his claim, or a return of the property. The question is not whether a restoration to the mortgagor on the demand of the mortgagee, within the ten days, would be sufficient to discharge the liability of the attaching officer; no such return of the property was

attempted until after the liability of the officer in trover had arisen ; and there is no suggestion that its value exceeds the just claim of the plaintiff under his mortgage. *Forbes* v. *Parker*, 16 Pick. 462. *Howe* v. *Bartlett*, 8 Allen, 20. *Alden* v. *Lincoln*, 13 Met. 204.

There was no occasion for the application of the rule which permits the defendant, in an action of trover, to show that the property had gone from his possession to the plaintiff, or to his use, or to a party who, as against the plaintiff, had the better title to it; *Hanson* v. *Herrick*, 100 Mass. 323 ; because the judge must have found as a fact that Whittum, the mortgagor, was not the agent of the plaintiff for the purpose of receiving and receipting for the property, and the evidence reported justifies the finding.                    *Exceptions overruled.*

*H. C. Hartwell & W. H. Orcutt*, for the defendant.

*C. R. Train & J. O. Teele*, for the plaintiff.