JOSEPH F. WILSON *vs.* WALTER O. CROOKER.

Norfolk. Nov. 15, 1887. — Jan. 6, 1888. DEVENS & W. ALLEN, JJ., absent.

In an action by an assignee of a mortgage for the conversion of two horses, against an officer, who attached one of the horses as the property of the mortgagor on a writ in favor of one creditor, and the other horse on another writ in favor of another creditor, the demand made by the plaintiff, under the Pub. Sts. c. 161, § 75, stated that he held a mortgage for $492, then due, upon the two horses, and referred to the records of a town for further particulars, without stating when the mortgage was given, or by whom, or to whom. The mortgage purported to secure payment of a note for $650, and interest, but did not show when the note would become due, or the rate of interest. The note was payable six

months after date, with interest at the rate of three per cent a month. The mortgage and note were made to a third person, and were assigned to the plaintiff a short time before the attachment. By an arrangement between the plaintiff and the mortgagor, a part of the mortgaged property was sold, and the proceeds applied to the payment of $25 to the plaintiff as a commission, the interest for six months in advance, and $158 upon the principal. *Held,* that the demand was insufficient.

KNOWLTON, J. The plaintiff held a mortgage covering two horses, which are alleged to have been converted by the defendant. The defendant attached them as the property of the mortgagor, one upon a writ in favor of one creditor, and the other upon another writ in favor of a different creditor. The plaintiff could protect his rights against each attachment by demanding of the defendant payment of his claim, and stating " in writing a just and true account of the debt or demand for which the property was liable to him," in accordance with the provisions of the Pub. Sts. *c.* 161, § 75.

The purpose of the statute in requiring an account is to enable the attaching creditor to know definitely what the mortgage secures. The information called for is important, not merely as fixing a sum to be paid, but also as assisting the creditor in determining whether the mortgage was made in good faith, and whether the debt, demand, or obligation will be valuable to him if he retains his attachment, and takes to himself the benefit of the mortgage, as he has a right to do. The law gives him ten days after the demand in which to decide whether he will pay the mortgage debt. The words " just and true account of the debt or demand " mean something more than a bare statement of a sum due. They call for a description of the debt or demand, such as will give the attaching creditor a reasonably full and accurate understanding of the nature and particulars of it. The account should state, not merely what amount is due, but also upon what kind of a debt it is due.

In many cases this has been held to have been sufficiently done by very general language, or by a reference to the provisions of the mortgage. No precise form is required. It is enough if the attaching creditor can know from the statement the nature and qualities of the debt or demand which the mortgage secures, and the amount that is due upon it. It has also been repeatedly held that innocent inaccuracies or errors in the

account, resulting from accident or mistake, and which do not mislead or injuriously affect the attaching creditor, do not invalidate the demand. *Rowley* v. *Rice*, 10 Met. 7. *Hills* v. *Farrington*, 6 Allen, 80. *Folsom* v. *Clemence*, 111 Mass. 273. *Bicknell* v. *Cleverly*, 125 Mass. 164. *Robinson* v. *Sprague*, 125 Mass. 582. But no demand is sufficient which fails to give the attaching creditor such information as will enable him to act understandingly in reference to the claim.

In the case at bar, the plaintiff gave notice in his demand that he held a mortgage on the horses for $492 then due, and referred to the records of a town for further particulars, without stating when the mortgage was given, or by whom, or to whom. If the attaching creditor succeeded in finding and identifying the mortgage as recorded, it gave him little valuable information. It purported to secure payment of a note for $650 and interest, but it did not show when the note would become due, or what rate of interest it bore. The case finds, that the note was payable six months after date, with interest monthly at the rate of thirty-six per cent per annum; that it was made to one Reynolds, and with the mortgage was by him transferred to the plaintiff a short time before the attachment; and that by an arrangement between the plaintiff and the mortgagor a part of the mortgaged property had been sold, and the proceeds applied to the payment, first, of $25 to the plaintiff for his trouble and as a commission, secondly, of interest upon the note for six months in advance, and thirdly, of $158 upon the principal. From reading together the plaintiff's demand and the mortgage, the creditor would naturally have inferred that the note of $650, payable at some unknown time, and running at an unknown but presumably common rate of interest, had been reduced by payment to $492, and that it was a valid debt for that amount, bearing interest until maturity. He would not have suspected that the rate of interest was exorbitant, or that a large part of the mortgaged property had been applied to the payment of a commission to the plaintiff, and of interest for a period extending nearly five months beyond the time of the demand. And it can hardly be doubted, that, if these matters of which he was ignorant had been disclosed, he would have carefully considered them in determining his course.

The plaintiff's demand, with all the aid to be derived from a mortgage which did not fully describe the note, gave the defendant no sufficient account of the nature of the mortgage debt as it then existed. It was misleading even as to the amount secured. For the sum which it stated to be due was not payable for nearly five months, and the interest for that period had been paid in advance. It was not therefore a "just and true account of the debt or demand," within the meaning of the statute, and the other defences set up at the trial need not be considered.

*Defendant's exceptions sustained.*

*J. L. Eldridge*, for the defendant.

*J. E. Tirrell*, for the plaintiff.