FRANK A. ASHCROFT *vs.* SIMON SIMMONS.

Suffolk.　　March 5, 1890. — May 15, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Chattel Mortgage — Attachment of Goods — Demand of Payment upon Officer.*

A written demand by a mortgagee of personal property upon an attaching officer, under the Pub. Sts. c. 161, § 75, for payment of the mortgage, is not invalidated by the omission, without fraud, of a small amount of interest from the account.

A mortgage of personal property was given, in consideration of cash and five time notes signed by the mortgagee, three of which were sold by the mortgagor, to secure the mortgage note and the performance of the mortgagor's agreement to admit the mortgagee, at his election, to an equal interest in a partnership. The mortgagee, if he became a partner, was to convey to the partnership all his interest under the mortgage, and receive payment of his notes, when due, from the partnership profits, if any. *Held,* that a written demand by the mortgagee, under the Pub. Sts. c. 161, § 75, before his notes were due, for payment of the amount named in the mortgage, upon an attaching officer, was an election to have the mortgage paid out of the mortgaged property, and not to enter into the partnership, and that it was unnecessary to refer in the demand to the agreement or to the mortgagee's notes as forming a part of the consideration.

HOLMES, J. This is an action of replevin by a mortgagee of the chattels in question against an officer who made a valid attachment of them. Within a reasonable time the plaintiff gave a written demand and statement to the defendant, and the question is whether it was " a just and true account of the debt or demand for which the property is liable to him," within the Pub. Sts. c. 161, § 75. At the trial, the presiding judge ruled that it was insufficient; and the plaintiff excepted.

The mortgage was given by one Bird to secure his note for

thirty-five hundred dollars, and also to secure Bird's performance of an agreement to allow the plaintiff to enter into partnership with him, and to have an equal interest in the partnership business and property, if the plaintiff desired, upon the plaintiff's conveying to the partnership all his interest under the mortgage. The consideration of the mortgage was one thousand dollars cash and five notes for five hundred dollars each, signed by the plaintiff, none of which were due at the time of the plaintiff's demand. Three had been sold, and two were still held by Bird. By the agreement just mentioned, if the plaintiff became a partner, these notes were to be paid out of the partnership profits, if there should be any. The plaintiff never became a partner.

The notice was as follows :

" Boston, Sept. 1, 1888.

" To S. Simmons, Constable.

" Sir,—I hereby demand of you the sum of thirty-five hundred dollars,which is the amount now due me on a mortgage given to me by Asa F. Bird, dated July 12, 1888, and recorded with the mortgages of personal property for the city of Boston, libro 554, folio 268, and with the mortgages of personal property for the city of Lynn, libro 33, folio 270, which mortgage covers the personal property in buildings numbered 99 and 101 on Bristol Street in Boston, Massachusetts, now held by you on attachment by divers writs as the property of said Asa F. Bird.

" Frank A. Ashcroft."

Giving this notice was an election by the plaintiff to have the mortgage note paid out of the mortgaged property, and there- ·fore an election not to enter into partnership with Bird. The agreement secured by the mortgage thus ceased to be any part of the demand for which the property was liable to the plaintiff, and by the letter of the statute there was no need to mention it in stating the account. It will be noticed that the right thus to elect, arbitrarily and at any time, was reserved in the agreement itself ; so that the case is not like one where a creditor should undertake of his own motion, and without right, to waive an absolute obligation, such as a part of his debt, in order to disguise the amount and to prevent investigation by the attaching creditor.

Again, there was no need to refer to the fact that the consideration of the mortgage note consisted in part of notes given by the plaintiff. The statute does not require the consideration to be stated as such, and the nature of it in this case did not affect the amount for which the property was liable at the time of the demand. If the creditor had seen fit to pay off the plaintiff, he would have had to pay the whole amount of the mortgage note, although the plaintiff's notes were still outstanding, unpaid and not yet due. *Bicknell* v. *Cleverly*, 125 Mass. 164. *Haskell* v. *Gordon*, 3 Met. 268, 272.

The only question that remains is whether the statement that thirty-five hundred dollars, the principal only, was the amount then due on the mortgage, coupled with the failure to state the interest, if, as we assume, there was some interest payable, prevented the account from being a true account. We are of opinion that it did not have that effect.

Without meaning to disturb anything essential to the decision in *Wilson* v. *Crooker*, 145 Mass. 571, it may be said with safety that the statute was not intended to make the title of an honest mortgagee precarious in the interest of a subsequent attaching creditor, and ought not to be construed in such a way as to do so. The main purpose of the act, if not the only one, is to inform the officer and the attaching creditor of the mortgage, and of the amount to be paid.

The original statute (St. 1829, c. 124, §§ 2, 3) did not allow the attachment of mortgaged chattels until after payment or tender, did not require an account to be rendered except upon demand in writing by the persons desirous of attaching, and then seems to have left it optional with the mortgagee whether he would render it.

The section as it now stands was framed by the Commissioners on the Revised Statutes, and in their notes, after saying that a demand by the person desirous of making an attachment would be in most cases an idle ceremony, they go on: "On the other hand, it may often happen that liens of the kind contemplated in this statute are unknown to the creditor and to the officer when making the attachment. It is therefore proposed that the mortgagee, when he finds his pledge taken from him, should forthwith make a written statement of his claim upon it," etc. Report

of Commissioners on Rev. Sts., note to c. 90, § 69. This seems to state the reason why the act was drawn, and what its framers intended.

The case of an intentional concealment of a substantial part of the principal debt, as above supposed, may be left to be dealt with when it arises. But when a statement is accurate in other respects, it should be inferred, in the absence of anything to show the contrary, that an omission to include with the principal debt described in the mortgage a small amount of interest accrued upon it is innocent. A trifling inaccuracy arising in such a way should not be treated like a deliberate misstatement, or a material error in the account. Except in the hardly conceivable case of fraud, it should not be considered such a departure from the requirements of the statute as to render the demand invalid.

Even when the mortgagee demands too much, if the property is not sufficient to pay the new demand, the mortgage is not necessarily defeated. It is considered that for this to happen the creditor must be damnified, and that the mere fact that the account is not strictly and literally a true account of the debt does not amount of itself to a sufficient damnification. *Rowley* v. *Rice*, 10 Met. 7, 13. *Harding* v. *Coburn*, 12 Met. 333, 341. *Hills* v. *Farrington*, 6 Allen, 80, 82. *Clark* v. *Dearborn*, 103 Mass. 335, 340. *Bigelow* v. *Capen*, 145 Mass. 270. A *fortiori* when the demand is for less than the amount due by a small amount of interest which has accrued. *Johnson* v. *Sumner*, 1 Met. 172, 178. See *Jones* v. *Richardson*, 10 Met 481 ; *Robinson* v. *Sprague*, 125 Mass. 582 ; *Bicknell* v. *Cleverly*, 125 Mass. 164, 166.

*Exceptions sustained.*

*N. D. A. Clarke*, for the plaintiff.
*G. E. Curry*, for the defendant.