JOSEPH H. CAMPBELL *vs.* M. FRANK EASTMAN.

Suffolk.    January 20, 1898. — March 28, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Mortgaged Personal Property — Demand — Statute — " Account " — Waiver.*

A demand under Pub. Sts. c. 161, § 75, which does not state when or by whom the property was mortgaged, nor where the mortgage or the record of it may be found, and not only does not purport to state an "account" of the amount for which the property was then liable to the mortgagee, but was probably intended to state the amount for which the mortgage was originally made, is insufficient.

An officer who attaches mortgaged personal property cannot waive any of the requirements of Pub. Sts. c. 161, § 75, in regard to notice, without the consent of the attaching creditor.

TORT, by the mortgagee of certain personal property for its conversion. Trial in the Superior Court, before *Sherman*, J., who ordered a verdict for the defendant; and the plaintiff alleged

exceptions. If the notice required by Pub. Sts. c. 161, § 75, was sufficient, or if the defendant had authority to waive it and the evidence was sufficient to authorize the jury to find a waiver, the verdict was to be set aside; otherwise, it was to stand.

*R. Lund & C. B. Loud,* (*C. H. Welch* with them,) for the plaintiff.

*W. P. Martin,* for the defendant.

KNOWLTON, J. The principal question in this case is, What is the meaning of the Pub. Sts. c. 161, § 75, as applied to the facts disclosed by the evidence? This statute has been considered and the cases decided under it have been referred to in two recent cases, *Wilson* v. *Crooker,* 145 Mass. 571, and *Ashcroft* v. *Simmons,* 151 Mass. 497. It can hardly be doubted that the Legislature had two distinct purposes in framing the statute, one to enable creditors with reasonable facility to resort by attachment to mortgaged personal property for the collection of debts against the mortgagor, and the other to secure to mortgagees perfect protection of their security if they comply with the requirements of the statute. The whole scheme indicates a purpose to give to an attaching creditor the means of proceeding intelligently in determining whether to continue or to abandon his attachment. We must assume that the Legislature was not ignorant of the fact that mortgages of personal property are sometimes fraudulently made and held, and that they framed the statute in reference to such mortgages as well as others. The provision of the statute is that the mortgagee " shall, when demanding payment of the money due to him, state in writing a just and true account of the debt or demand for which the property is liable to him, and deliver it to the attaching creditor or officer." This language implies that he has to do something more than to demand payment of the money due to him. The words, " state in writing a just and true account," indicate a purpose on the part of the Legislature to secure for the attaching creditor definite and particular information. The cases have construed the statute liberally in favor of mortgagees who have made innocent mistakes in attempting to state accounts, but the general purpose of the requirement to give the creditor definite and valuable information is obvious. In the present case the demand is more barren than any that has ever been held sufficient by this court.

It is addressed to the defendant, and is as follows : " You are hereby notified that the goods, wares, and merchandise, viz. horses, carriages, and harnesses that you now have under attachment in the suit of Joseph Manning *v.* George M. Bell, are mortgaged to me in the sum of six hundred dollars, and I demand the same of you." It does not state when or by whom the property was mortgaged, nor where the mortgage or the record of it may be found. The mortgage might have been made by any of the debtor's predecessors in title as well as by the debtor, and have been recorded in any city or town where the property previously had been owned. The language not only did not purport to state an " account " of the amount for which the property was then liable to the mortgagee, but it was probably intended to state the amount for which the mortgage was originally made. We are of opinion that it falls short of the requirements of the statute, and that the case is more nearly analogous to *Wilson* v. *Crocker* than to *Ashcroft* v. *Simmons.* The judge rightly ruled that the demand was insufficient.

We are of opinion that the defendant could not waive any of the requirements of the statute in regard to notice without the consent of the attaching creditor. He was acting merely in his official capacity as a deputy sheriff in making the attachment. The notice given by the mortgagee was for the benefit of the attaching creditor. The case comes within the principle of the decision in *Cutler* v. *Boyd,* 124 Mass. 181. It follows that a verdict was rightly directed for the defendant.

This view of the law makes it unnecessary to consider the effect of the failure of the defendant to comply with the 46th Rule of the Superior Court in regard to notice of the motion to set aside the special findings. It appears that a motion was made and a hearing was had upon it, at which the plaintiff's counsel was present, and that the judge set aside the findings as against the evidence. The verdict was rightly ordered, without regard to the question whether there was such a notice and hearing as warranted the judge in setting aside the findings.

*Judgment on the verdict.*