## THOMAS R. LOANES *vs.* PAUL R. GAST.

Suffolk.    November 19, 1913. — November 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Attachment,* Of mortgaged personal property. *Mortgage,* Of personal property. *Municipal Court of the City of Boston,* Appellate Division. *Supreme Judicial Court. Practice, Civil,* Appeal. *Words,* "Reverse."

The requirement of R. L. c. 167, § 70, that a mortgagee of personal property, in order to preserve his right to the mortgaged property against an attaching creditor, must "state in writing a just and true account of the debt or demand for which the property is liable to him and deliver it to the attaching creditor or officer," is not complied with by a mere statement of the face amount of the mortgage with its date and the volume and page of its recording in the clerk's office.

Under St. 1912, c. 649, § 8, providing that the Appellate Division of the Municipal Court of the City of Boston, in dealing with a report from a single judge of that court, "may reverse, vacate or modify" the ruling complained of "or order a new trial in whole or part," or otherwise "shall dismiss the report," the Appellate Division have no power to enter the judgment which they decide ought to be entered, and, if they reverse a ruling made by the judge who reported such ruling to them, the case must be remanded for appropriate proceedings in accordance with their decision.

The provision of St. 1913, c. 716, § 3, that this court upon any appeal, or other proceeding named, "shall have power to render any judgment and to make any order that ought to have been made upon the whole case," applies to an appeal from a decision of the Appellate Division of the Municipal Court of the City of Boston under St. 1912, c. 649, § 9, upon a ruling reported by a judge of that court, although such ruling was made on March 6, 1913, and St. 1913, c. 716, which took effect upon its passage on May 28, 1913, provides in § 6 that it "shall not apply to . . . verdicts rendered or findings made on or before the day of its passage."

RUGG, C. J. This is an action of tort brought by a mortgagee of personal property against a constable who had attached it upon a writ against a third person. The plaintiff's right to maintain his action depends upon the sufficiency of a notice given by him to the defendant in these words: "You having attached on mesne process . . . [certain chattels] as the property of James Loanes, I hereby give you notice that I am the holder of a mortgage on said property and I hereby demand that you pay the amount of said mortgage, to wit, the sum of One hundred and fifty dollars. Said mortgage is dated October 4, 1910, and recorded in Clerk's office, City of Boston, Book 1169 page 377."

By R. L. c. 167, § 70, such a notice must "state in writing a just and true account of the debt or demand for which the property is liable to" the mortgagee. The meaning of this requirement is settled. It was said in *Wilson* v. *Crooker*, 145 Mass. 571, at p. 572, by Mr. Justice Knowlton, that these words "mean something more than a bare statement of a sum due. They call for a description of the debt or demand, such as will give the attaching creditor a reasonably full and accurate understanding of the nature and particulars of it. The account should state, not merely what amount is due, but also upon what kind of a debt it is due." The rule of construction thus laid down has been followed in *Campbell* v. *Eastman*, 170 Mass. 523, *Ashcroft* v. *Simmons*, 151 Mass. 497, and *Cousins* v. *O'Brien*, 188 Mass. 146. These cases are decisive against the adequacy of the demand in the case at bar. It contained no statement of account or of the character of the debt due to the plaintiff. It is bare of any definite or particular information touching this subject. The omission is not of a detail but of an essential. There is no assertion even that the face of the mortgage is the amount due upon it. It is nothing more than a bald demand for the amount of the mortgage, but there is nothing about it from which the attaching creditor could determine the validity or extent of the lien established by the mortgage.

The judge of the Municipal Court of the City of Boston, who heard this case in the first instance,* found for the plaintiff. One of the questions of law raised upon his report to the Appellate Division related to the sufficiency of the demand. The Appel-

---

\* *Ely*, J.

late Division entered a final order as follows: "Finding reversed and judgment for defendant ordered." Its power to deal with a report from a single judge is found in St. 1912, c. 649, § 8, in these words: "If the Appellate Division shall decide that there has been prejudicial error in the ruling complained of, it may reverse, vacate or modify the same or order a new trial in whole or part; otherwise it shall dismiss the report." Power to "reverse" the ruling of a lower court does not mean power to enter the judgment which the appellate tribunal decides ought to be entered. In equity an order simply that the decree be reversed does not imply necessarily that a decree of the opposite character be entered. The power to enter judgment on writ of error is conferred by the express words of the statute, without which it would not exist. R. L. c. 193, § 3. Power to reverse without more confers in a jurisdictional sense the right to set aside and nothing more. It is very nearly synonymous with "vacate." Although both these words are used in the statute, that is not sufficient reason to attribute to either an unusual meaning not made apparent by the context or the purpose to be accomplished. Speaking with strict accuracy, the order of the Appellate Division hardly falls within the words by which jurisdiction is conferred upon it. According to the first part of § 8, the Appellate Division is created "for the rehearing of matters of law arising in civil causes." It cannot review findings of fact. Its only authority is to pass upon the soundness of "rulings," which must mean rulings of law given or refused by the judge who hears the case, or other matters of law arising in the trial. Therefore it was not technically correct to say in its order that it reversed the finding, but it should have reversed or vacated the erroneous ruling of law. Thereafter appropriate proceedings would be had in accordance with its decision. See *Smith* v. *Lincoln*, 198 Mass. 388.

This court is given by St. 1913, c. 716, § 3, "power to render any judgment and to make any order that ought to have been made upon the whole case." That statute applies to the case at bar. See § 6.* The fourth ruling requested, to the effect that

---

* Section 6 provides that the act shall take effect upon its passage, which was on May 28, 1913, but shall not apply to cases pending before the full court or to verdicts rendered or findings made on or before the day of its passage. The ruling of *Ely*, J., was made on March 6, 1913. The order of

the notice was insufficient, should have been given, as has been pointed out. A sufficient notice to the defendant is essential in order to enable the plaintiff to prevail. Having failed to give this he cannot prevail. It follows that judgment must be entered in the Municipal Court for the defendant.

*So ordered.*

*J. L. Keogh,* for the plaintiff.
*W. Hirsh,* for the defendant.

---

the Appellate Division was made on June 5, 1913. The plaintiff's appeal to this court was filed on June 6, 1913.