JAMES S. FENDER *vs.* HERBERT C. BLACKMER.

Middlesex.    March 19, 1923. — March 31, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Attachment*, Of mortgaged personal property.    *Mortgage*, Of personal property.

A notice by a mortgagee of personal property to an officer who has attached it, after
   the mortgagee has taken possession for breach of condition of the mortgage but
   before foreclosure of the mortgage, was of the following tenor: "You are hereby
   notified that I hold a mortgage on the stock and fixtures now in a certain store
   . . . [giving the location of the store and the date, place and time of recording
   of the mortgage], for three hundred ($300.00) dollars.    I have already taken
   possession of these goods and have been to expense therefor.    I hereby demand
   of you the amount of said mortgage and interest to date and the expenses of
   said foreclosure proceedings." *Held*, that such notice did not contain a "just
   and true account of the debt or demand" and was not in compliance with G. L.
   c. 223, § 75.

TORT against a deputy sheriff for attaching personal property mortgaged to the plaintiff. Writ in the First District Court of Eastern Middlesex dated December 7, 1920.

In the Superior Court, the action was tried before *Hall*, C.J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied and upon stipulation of counsel the action was submitted to the jury with the understanding that, if a verdict should be returned for the plaintiff, the Chief Justice would thereupon order a verdict for the defendant and report the case to this court. The jury returned a verdict for the plaintiff and assessed damages in the sum of $520. The Chief Justice thereupon ordered the jury to return a verdict for the defendant and reported the case for determination by this court, judgment to be entered on the verdict if the ordering of the verdict for the defendant was correct, but, if not correct, judgment to be entered for the plaintiff in the sum of $520.

*J. C. Woodman,* for the plaintiff.

*S. T. Lakson,* for the defendant.

Rugg, C.J.. This is an action of tort against a deputy sheriff for attaching merchandise on which the plaintiff claims to hold a mortgage. The mortgage was dated September 30, 1920, to secure a note for $300, and was duly recorded on October 4, 1920. The plaintiff took possession of the merchandise for breach of condition of the mortgage, but before foreclosure the defendant made the attachment. The mortgagee thereupon gave to the defendant a notice of the tenor following, omitting the direction and signature: "You are hereby notified that I hold a mortgage on the stock and fixtures now in a certain store numbered 39 Lebanon Street, Maplewood, District of Malden, dated the 30th day of September, 1920, and recorded with Malden City Records October 4, 1920, for three hundred ($300.00) dollars. I have already taken possession of these goods and have been to expense therefor. I hereby demand of you the amount of said mortgage and interest to date and the expenses of said foreclosure proceedings." It is manifest that this demand was not a sufficient compliance with G. L. c. 223, § 75, which requires "a just and true account of the debt or demand." The case at bar is governed by *Loanes* v. *Gast,* 216 Mass. 197, where the authorities are collected and reviewed. *Ashcroft* v. *Simmons,* 151 Mass. 497.

*Judgment for defendant on the verdict.*