MICHAEL MAGNIFICO *vs.* JOHN NICHOLSON.

Berkshire.     September 18, 1928. — October 8, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Attachment,* Of mortgaged personal property. *Mortgage,* Of personal property: notice to attaching creditor.

Under G. L. c. 223, §§ 74, 75, the fact, that the value of personal property subject to a mortgage is less than the actual debt secured by the mortgage, does not excuse the mortgagee from stating in good faith "a just and true account of the debt" when demanding payment thereof from an officer who has attached such personal property; and, although the officer retains the property for more than ten days without making any tender or payment to the mortgagee to satisfy his demand, the mortgagee cannot recover from the officer in an action of tort for conversion if the amount of the debt is stated in the demand to be larger than it in fact is and such error is not caused by mistake on the part of the mortgagee.

CONTRACT OR TORT against a sheriff. Writ dated November 22, 1926.

In the Superior Court, the action was referred to an auditor, whose findings of fact were to be final. Material facts found by him are stated in the opinion. The plaintiff filed a motion that judgment be entered in his favor on the auditor's report in the sum of $1,025 and interest from September 10, 1926, which was allowed by *Burns,* J. A motion by the defendant that judgment be entered in his favor was denied. The defendant alleged exceptions.

G. L. c. 223, §§ 74, 75, read as follows:

"Section 74. Personal property of a debtor which is subject to a mortgage, pledge or lien, and of which he has the right of redemption, may be attached and held as if it were unencumbered, if the attaching creditor pays or tenders to the mortgagee, pledgee or holder of the property the amount for which it is so liable within ten days after demand as hereinafter provided.

"Section 75. The mortgagee, pledgee or holder shall, when demanding payment of the money due to him, state in writing

a just and true account of the debt or demand for which the property is liable to him and deliver it to the attaching creditor or officer. If the same is not paid or tendered to him within ten days thereafter, the attachment shall be dissolved, the property shall be restored to him and the attaching creditor shall be liable.to him for any damages he has sustained by the attachment."

*E. D. Getman,* (*C. H. Wright* with him,) for the defendant.

*J. M. Rosenthal,* for the plaintiff.

WAIT, J.   This action by a mortgagee against an attaching officer for the conversion of mortgaged personal property was referred to an auditor whose findings of fact were to be final.   He found that the debtor, on April 8, 1926, gave to this plaintiff a demand note for $5,000, and, as security, a mortgage which was also to cover after acquired property, upon the stock of goods and the fixtures in a store in North Adams.   The debtor, at the time, was pressed by creditors. He had borrowed from the plaintiff and one Vigna.   The auditor could not determine the exact amount received from them, but it did not exceed $2,200, of which the plaintiff may have contributed $500.   The debtor was unwilling to give a mortgage for security unless it could be made for $5,000. The lawyer who drew up the mortgage and note understood that $3,500 was due the plaintiff and Vigna at that time. Fifteen hundred dollars in cash, belonging to the plaintiff, his wife and Vigna in undetermined amounts, was handed to the debtor at the execution of the mortgage and was handed back by him to the plaintiff on the following day. The mortgage was duly recorded.   On August 30, 1926, Frink, a deputy sheriff acting for the plaintiff, took possession of the mortgaged property to foreclose for breach of condition.   On September 8, 1926, Lilly, another deputy sheriff holding writs in three cases against the debtor-mortgagor returnable to the District Court of Northern Berkshire, attached the property and took possession.   On September 10, the plaintiff gave written notice to Lilly that the property attached was encumbered by a mortgage given by the debtor, dated April 8, 1926, recorded with the records of personal property mortgages at North Adams, book 16,

page 305, "to secure a promissory note for five thousand dollars." The notice concluded "And I hereby demand the sum of five thousand dollars with interest thereon, at six per cent per annum, from the date of said mortgage; being the amount due and remaining unpaid and for which said property is liable to me under said mortgage." There was no further account to give "a reasonably full and accurate understanding of the nature and particulars of" the debt. See *Wilson* v. *Crooker*, 145 Mass. 571, 572.

Lilly retained possession and made no payment or tender to the plaintiff. Instead, after the three actions went to judgment, he sold the attached goods upon the executions. When the demand was made the goods taken were worth about $1,025. At the sales they brought $910, a reasonable value, which, however, did not satisfy all the executions.

The auditor further found that the demand did not set out a just and true account of the amount due; that he was not satisfied that the failure to render a just and true account was due to accident or mistake; that the attaching creditors believed the value to be less than $2,200; that the value of the mortgaged property was less than the amount justly due on the mortgage. At the request of the parties he set out alternative findings based on his conclusions of law: (1) for the defendant, because no just and true account of the amount due was stated in the demand of the mortgagee and this was not the result of mistake or inadvertence; (2) for the plaintiff, with damages assessed at $1,025 and interest from the date of the demand, because although, not by mistake or inadvertence, the demand failed to set out a just and true account, yet the value of the goods taken was less than the amount justly due upon them to the mortgagee, and, therefore, it might be that the attaching creditor was not prejudiced by the inaccurate statement.

Each party moved for judgment upon the alternative in his favor. The court granted the plaintiff's and denied the defendant's motion.

The bald question at issue is whether no just and true account of the debt or demand for which property subject to a mortgage, pledge or lien is liable to him, need be stated

by the mortgagee, pledgee or lienor in his demand for the payment of the money due to him, pursuant to G. L. c. 223, §§ 74, 75, if the property is found to be worth less than the true and just amount due.

Since the enactment of St. 1829, c. 124, it has been the policy of our Legislature to subject to attachment personal property of a debtor which is encumbered by a pledge or lien; but, in doing so, to protect the holder of the encumbrance to the extent of what is justly due him. Rev. Sts. c. 90, §§ 78, 79, provided for a demand by the holder of the encumbrance accompanied by "a just and true account of the debt or demand for which the property is liable to him." If payment or tender of that sum is not made within a fixed time, then the attachment is dissolved and the property taken must be returned. With slight changes in detail, this law is in force today. G. L. c. 223, §§ 74, 75. The requirement that a just and true account be furnished the attaching creditor is retained in the words of the statute, § 75, and in our decisions. *Loanes* v. *Gast*, 216 Mass. 197. *Fender* v. *Blackmer*, 244 Mass. 447. Inadvertent errors or mistakes in stating an account made in good faith have not been permitted to render the demand worthless, or to deprive the holder of his security. *Folsom* v. *Clemence*, 111 Mass. 273. *Bicknell* v. *Cleverly*, 125 Mass. 164. *Robinson* v. *Sprague*, 125 Mass. 582.

The court in some cases has called attention to the fact that the value of the property there attached was not equal to the amount of the real encumbrance, as an indication that the attaching creditor had not been injured by a statement of account which in fact was not true and as an additional reason for permitting recovery against him. *Rowley* v. *Rice*, 10 Met. 7. *Harding* v. *Coburn*, 12 Met. 333. *Hills* v. *Farrington*, 6 Allen, 80. *Clark* v. *Dearborn*, 103 Mass. 335. *Bigelow* v. *Capen*, 145 Mass. 270. *Ashcroft* v. *Simmons*, 151 Mass. 497. See *Cousins* v. *O'Brien*, 188 Mass. 146; *Congress Investment Co.* v. *Reed*, 205 Mass. 576.

No case, however, has been called to our attention, and we find none, which has held the good faith of the account stated to be immaterial, if the value of the property attached was less than the real amount of the encumbrance. The

statement in *Bigelow* v. *Capen,* 145 Mass. 270, 274, is too broad and is not sustained by the case cited. *Ashcroft* v. *Simmons, supra,* requires good faith.

In *Rowley* v. *Rice, supra,* page 13, this court stated the rule to be: "To avoid the objection, that the statement of the debt is not true and just, by reason of overstating the sum due, it must appear, 1st, that the error resulted from accident or mistake; 2d, that the value of the property attached was less than the just and true sum for which it was pledged, and therefore the attaching creditor was not injuriously misled by the error, and has not suffered any pecuniary loss thereby." This is far from stating that, where the error does not result from accident or mistake, the deficiency in value furnishes an excuse. The test is not the value of the property; but the opportunity of the attaching creditor to reach a fair determination whether to pay off the encumbrance and hold the goods or to abandon his attachment and return them. *Campbell* v. *Eastman,* 170 Mass. 523. *Wilson* v. *Crooker, supra. Folsom* v. *Clemence, supra.* He cannot both refuse payment and maintain his attachment, if, in substance, he has been furnished that opportunity. He does not obtain it where an account that is intentionally false and untrue is rendered.

In the case before us the account was not just and true. The failure was not due to accident or mistake. The defendant was entitled to judgment. His exceptions are sustained, and judgment must enter for the defendant.

*So ordered.*