WILLIAM MUGFORD *vs.* RIVAL FOODS, INC.

SAME *vs.* RICHARD J. WHITE, JR.

Suffolk.    October 4, 1938. — March 1, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Attachment*, Of mortgaged personal property. *Mortgage*, Of personal property: attachment of mortgaged property. *Notice*.

A notice in writing, given by a mortgagee of personal property to an officer holding the property under attachment, demanding release of the attachment or payment to the mortgagee of a stated sum, "the amount due on said mortgage," the mortgage being described in the notice by date and book and page of record, complied with § 75 of G. L. (Ter. Ed.) c. 223; and a subsequent sale on execution in disregard of the notice could be found to be a conversion of the property.

TWO ACTIONS OF TORT. Writs in the District Court of Chelsea dated December 12, 1934, and February 19, 1935, respectively.

On removal to the Superior Court the actions were tried together before *Kirk*, J. In each action a verdict for the

plaintiff in the sum of $400 was recorded with leave reserved; and later the judge ordered entered verdicts for the defendants and reported the cases to this court.

R. *Sheinfeld,* for the plaintiff.

F. *S. Deland,* (S. *Goldman* with him,) for the defendants.

DOLAN, J. These are two actions of tort to recover damages for the conversion of certain personal property which was subject to a mortgage held by the plaintiff. The alleged conversion arose out of an attachment and subsequent sale on execution of the property involved. The defendant corporation was the attaching creditor and the defendant White the deputy sheriff who made the attachment and conducted the "execution" sale. The cases were tried to a jury, which returned a verdict for the plaintiff in each case. Before recording the verdicts the judge reserved leave to enter verdicts for the defendants, and entered them under the reservation solely on the ground that the notice given by the plaintiff, which is set forth in the record, did not comply with the provisions of G. L. (Ter. Ed.) c. 223, §§ 74, 75. The parties have stipulated that if this ruling of the judge was erroneous judgment is to be entered in each case for the plaintiff in the sum of $400, "recovery to be had in a sum not to exceed . . . $400," with costs. The notice which was served on the defendant White after the attachment was made reads as follows: "You have now under attachment the fixtures located at #282 Lincoln Av. Saugus, Mass. Demand is hereby made upon you to release said attachment or pay to the mortgagee, William Mugford, the sum of $700, the amount due on said mortgage. The mortgage was recorded with the Town Clerk of Saugus on the 21st day of August 1934 in Book 17 page 349." The parties agreed that the mortgage was duly recorded.

The provisions of G. L. (Ter. Ed.) c. 223, §§ 74 and 75, are as follows: "Section 74. Personal property of a debtor which is subject to a mortgage, pledge or lien, and of which he has the right of redemption, may be attached and held as if it were unencumbered, if the attaching creditor pays or tenders to the mortgagee, pledgee or holder of the prop-

erty the amount for which it is so liable within ten days after demand as hereinafter provided. Section 75. The mortgagee, pledgee or holder shall, when demanding payment of the money due to him, state in writing a just and true account of the debt or demand for which the property is liable to him and deliver it to the attaching creditor or officer. If the same is not paid or tendered to him within ten days thereafter, the attachment shall be dissolved, the property shall be restored to him and the attaching creditor shall be liable to him for any damages he has sustained by the attachment."

The purpose of the statute in requiring this "just and true account of the debt or demand" for which the property is liable is to give those who are attaching the property sufficient knowledge so that they may intelligently decide upon their course of action. *Wilson* v. *Crooker*, 145 Mass. 571, 572. *Ashcroft* v. *Simmons*, 151 Mass. 497, 499. *Campbell* v. *Eastman*, 170 Mass. 523, 524. In the case of *Loanes* v. *Gast*, 216 Mass. 197, 198, relied upon by the defendants, the notice was held insufficient because "There is no assertion even that the face of the mortgage is the amount due upon it. It is nothing more than a bald demand for the amount of the mortgage, but there is nothing about it from which the attaching creditor could determine the validity or extent of the lien established by the mortgage." The defendants have also cited *Campbell* v. *Eastman*, 170 Mass. 523, and *Fender* v. *Blackmer*, 244 Mass. 447. In the former case the notice given was held insufficient because it was misleading as to the amount due, and "not only did not purport to state an 'account' of the amount for which the property was then liable to the mortgagee, but it was probably intended to state the amount for which the mortgage was originally made" (page 525). In the latter case the notice stated that the plaintiff held "a mortgage . . . for . . . $300" and the court said that this "was not a sufficient compliance with . . . [the statute], which requires 'a just and true account of the debt or demand'" (page 448). See also *Magnifico* v. *Nicholson*, 264 Mass. 519, 523, where the notice failed

because the account therein stated was not "just and true."

In the cases at bar the notice does contain a statement of the amount due on the mortgage. No contention is made that the account as stated is not just and true. In addition, the notice contains statements of the nature of the property liable, of its location, of the name of the mortgagee, the date of recording the mortgage, and a reference by book and page to the place of its record. It is substantially as complete as that in some cases where the notice given was held to be sufficient. See *Folsom* v. *Clemence*, 111 Mass. 273, 278; *Bicknell* v. *Cleverly*, 125 Mass. 164, 165; *Robinson* v. *Sprague*, 125 Mass. 582; *Ashcroft* v. *Simmons*, 151 Mass. 497, 499; *Luciano* v. *Caldarone*, 255 Mass. 270, 272. In the opinion of a majority of the court the notice in the present cases contained all that was necessary to give the attaching creditor sufficient knowledge to decide intelligently upon its course of action, and complied with the provisions of the governing statutes. The actual decisions in the cases to which we have referred, as distinguished from *dicta* in the cases of *Wilson* v. *Crooker*, 145 Mass. 571, 572, and *Loanes* v. *Gast*, 216 Mass. 197, 198, contain nothing at variance with the conclusion we have here reached.

Judgment is therefore to be entered in each case for the plaintiff, as provided in the stipulation of the parties, and it is

*So ordered.*