*Municipal Court of the City of Boston*

No. 374115

## WESTERLY TOBACCO CO.

v.

## BERTRAM HUBERMAN d/b/a
## CHARLES HUBERMAN CO.

(February 28, 1955)

*Adlow, C. J.* Action of contract in which the plaintiff, a wholesale dealer in cigarettes, cigars, tobacco and sundry products, seeks to recover from the

defendant, a retail dealer, the balance due for merchandise sold and delivered to the defendant. The plaintiff's declaration was upon an account annexed setting out the dates of the invoices and the amounts thereof with all the credits due thereon, leaving an alleged balance due of $1,126.66. The defendant's answer was a general denial and in addition the defendant alleged that the plaintiff's action was based on an illegal agreement.

At the beginning of the trial (*Tomasello, J.*) it was agreed by the parties that the correct balance due to the plaintiff, if the plaintiff was entitled to recover was $1,062.29, of which $647.72 represented the sale price of cigarettes. There was evidence that in 1949 the plaintiff, through its agent, solicited the account of the defendant and thereafter and up to November, 1953, sold to him cigars, cigarettes, and tobacco. According to evidence offered by the plaintiff's agent the only discount offered to the defendant was 5% on cigars. The defendant offered evidence to the effect that at the time he was approached by the plaintiff's agent he was offered a discount of 2% or five cents a carton on cigarettes, 8% across the board discount on cigars and 1% on tobacco. The defendant stated that from time to time as payments were made by him on account, he was either given a refund or credits for an amount equal to five cents on each carton of cigarettes.

At the close of the evidence the plaintiff requested the court to rule that "as a matter of law, the evidence is insufficient to support a finding that the plaintiff has violated the provisions of section 14, Chapter 64C of the General Laws of Massachusetts." The court denied this request, and being aggrieved by the court's ruling the plaintiff brings this report.

G. L. c. 64C, §13 (St. 1945, c. 547, §1) provides in part:

"It shall be unlawful—, for any wholesaler with intent to injure competitors, destroy substantially or

lessen competition, to advertise, offer or sell at wholesale cigarettes at less than cost to the wholesaler.—"

G. L. c. 64C, §17, declares that any contract made in violation of this provision shall be illegal and void and expressly provides that "no recovery thereon shall be had."

In refusing to permit the plaintiff to recover the sale price of the cigarettes, which the defendant conceded had been delivered to him, the court has in effect found that the cigarettes were sold in violation of G. L. c. 64C, §13, and the sole question for this court to consider concerns the sufficiency of the evidence bearing on this issue.

The report purports to contain all the evidence material to the questions reported. While the report states that "the declaration was upon an account annexed setting out the dates of the invoices and the amounts thereof with all due credits thereon,—" there is nothing in this report to indicate the quantity of cigarrettes involved in the transactions between the parties, nor is any mention made of the unit price at which said cigarettes were sold by the wholesaler to the retailer. All that we learn from the report is that, of the balance claimed, $647.72 was for cigarettes. The only evidence bearing on the prices of cigarettes came from a certified copy of the minimum wholesale price of cigarettes established by the Commissioner, as of March 3, 1953.

Whether the cigarettes, for the purchase price of which the plaintiff seeks to recover in this action, were sold before or after March 3, 1953 does not appear in the report. Nor do we believe that in and of itself this fact would be decisive of the issue. In the first adjudication under this statute it was held that "The cost below which cigarettes may not be sold, is the actual cost to the particular retailer, and not the usual cost in the trade or the cost as determined by any survey or by any public officer." *Commissioner v. Ryan,* 323 Mass. 154, 157. We see no reason why the same rule is not applicable in

determining the fair price level for wholesalers. Aside from the presence of the schedule of minimum prices for cigarettes as established by the Commissioner, there is nothing in the report to enable us to determine the cost of the cigarettes to the wholesaler, the cost of doing business by the wholesaler, or the price at which the cigarettes were sold by the wholesaler to the retailer.

While G. L. c. 64C, §13 C excuses the production of actual proof of the cost of doing business by wholesalers and permits instead the application of an arbitrary figure of 2% of the invoice cost to the wholesaler, this privilege is without effect because of the complete absence of evidence as to the cost price to the wholesaler, or the sales price to the retailer. The court erred in refusing to rule as requested by the plaintiff that there was no evidence to support a finding that G. L. c. 64C, §14 had been violated.

It is unnecessary to send this case back for a new trial. The defendant had a right to present the evidence material to this issue at the previous trial. Apparently, he failed to do so. We have no right to assume that there was such evidence, and that its absence from the report is due to an oversight. It appears in the report that at the commencement of the trial it was agreed by the parties that the correct balance due to the plaintiff, if the plaintiff was entitled to recover same, was $1,062.29, of which $647.72 represented the sale of cigarettes. Under the circumstances nothing remains to be done except to enter a finding in accordance with the agreement of the parties as to the amount due the plaintiff in the event of a finding for the plaintiff.

G. L. c. 231, §124; *Sheehan v. Commercial Travelers' Mutual Acc. Assoc.*, 283 Mass. 543, 555.

*Finding for plaintiff in amount of $414.57 vacated.*

*Finding to be entered for plaintiff in amount of* $1,062.29.

*Shamon, J. dissenting.* I regret that I am unable to concur with the conclusion reached by the majority

of the justices. Presumably the IR order was made in pursuance of the authority given to the Appellate Division of the Boston Municipal Court by G. L. c. 231. §143 of that chapter reads, "Sections seventy-one and eighty-six, in addition to those named in section one-hundred and forty-one shall apply to civil actions before the Municipal Court of the City of Boston and no other section of this chapter shall so apply".

§141 of c. 231 is applicable to civil actions before district courts and sets forth the sections of c. 231 applicable to such district courts and further reads, "except to the Municipal Court of the City of Boston under section one-hundred and forty-three". Hence, the reviewing authority of the Appellate Division of the Municipal Court of the City of Bsoton is derived under the provisions of §108, the material parts of which read, "If the Appellate Division shall decide that there has been prejudicial error in the ruling complained of, it may reverse, vacate or modify same or order a new trial in whole or in part; otherwise it shall dismiss the report—".

Under §110, the Appellate Division of each district court shall have all the powers relating to civil actions tried without a jury given by sections one-hundred and twenty-four, one-hundred and twenty-five, one-hundred and twenty-six, and one-hundred and thirty-two, to the Supreme Judicial Court. Therefore, the Municipal Court of the City of Boston has been given the same appellate powers as the district courts under this section.

The order of the majority of the justices is insupportable, since the Appellate Division has no power to make its own findings of fact in substitution of those of the trial judge. In order to justify its opinion in vacating the finding for the plaintiff for the lesser amount and ordering a finding in a larger sum, the majority should have had before it, all of the facts necessary to determine the question in issue, and since the report clearly discloses that such was

not so, it could not order a different judgment for the plaintiff. It would have been powerless likewise, to order a judgment for the defendant. Its scope of authority was limited to reversing, vacating or modifying the ruling complained of or to ordering a new trial in whole or in part. It could also have dismissed the report.

Power to reverse the ruling of a lower court does not mean power to enter a judgment which the appellate tribunal decides ought to be entered. *Loanes v. Gast,* 216 Mass. 197, 199.

The Appellate Division had before it the report of the trial judge, who found illegality in the sale of cigarettes by the plaintiff in the sum of $647.72, and the trial judge's denial of the plaintiff's request No. 2 which read as follows, "As a matter of law, the evidence is insufficient to support a finding that the plaintiff has violated the provisions of section 14, chapter 64 c of the General Laws of Mass.", and granted the defendant's request No. 6 "on all the evidence the court should find that the plaintiff violated General Laws, Chapt. 64 C section 13 (c), section 13 (d), section 13 (e), section 14 (a), by either offering to sell or selling at wholesale, cigarettes to the defendant retailer at less than cost to the plaintiff" clearly indicates that evidence of illegality was introduced at the trial and that the judge weighed the evidence and considered it in his decision, and therefore ruled accordingly on the plaintiff's request No. 2 and the defendant's request No. 6.

It is apparent that the case was fully tried and that the report simply omits the finding of the trial judge, as to the prices, brands, and quantities of the cigarettes sold illegally, evidence of which must have been given at the trial. To hold otherwise, would be tantamount to saying that the rulings of the judge on the plaintiff's request for ruling No. 2 and the defendant's request No. 6 were the result of an aberration of mind or a vivid imagination.

It is evident from the foregoing that the Appellate

Division did not have "before it all the facts necessary for determining the question in dispute" and should not have ordered a different judgment for the plaintiff under G. L. c. 231, §§110 and 124.

By G. L. c. 231, §110, the Appellate Division has the power similar to that granted to the Supreme Judicial Court by §124 to direct entry of judgment where it is "satisfied that it has before it all the facts necessary for determining the question in dispute". If its order for judgment for the plaintiff in a greater sum than originally given to the plaintiff by the trial judge was made in pursuance of the authority given by this section of the statute, the order of the majority cannot be supported. It could not review the finding for the plaintiff as such. It has no power to make its own findings. It did not have "before it all the facts necessary for determining the question of illegality". This was a *condicio sino qua non* to justify a judgment for the plaintiff in the larger amount. *Elliot v. Warwick Stores, Inc.*, 329 Mass. 406.

See also, Boston Municipal Court Appellate Division Reports page 269, 271, Ida A. Bodenshatz v. C&R Construction Co., Case No. 354946 in which Devlin, J., stating the opinion of the Appellate Division writes, "and, inspection of each report—indicates the possibility that such evidence may be obtainable, or indeed may have been introduced. While, therefore, we are of the opinion that the finding should not stand in view of the denied ruling, we are of the opinion that judgment should not be ordered for the defendant, but rather that the case should stand for a new trial—".

The majority opinion concedes in its fifth paragraph on page 2 that "in refusing to permit the plaintiff to recover the sale price of cigarettes, which the defendant conceded had been delivered to him, the court has in effect found that the cigarettes were sold in violation of G. L. c. 64C, §13, and the sole

question for this court to consider concerns the sufficiency of the evidence bearing on this issue". In effect, the majority conceded that the trial judge found illegality. His rulings on the plaintiff's request No. 2 and the defendant's request No. 6 unequivocally establish this fact. The majority, however, seeks to establish itself as a trier of the facts, and to find no illegality, without the benefit of evidence, and at the same time to deprive the defendant of the results of the trial judge's finding of illegality, notwithstanding the fact that he heard the evidence bearing on this issue. Thus, the majority without having one scintilla of evidence is attempting to substitute its judgment of the facts which is beyond the powers of an appellate tribunal.

It is elementary that the Appellate Division has no power to make its own finding merely because it decides such a finding ought to be entered. By its order, the majority of the Appellate Division has arrogated to itself fact finding powers. *Loanes v. Gast,* 216 Mass. 197, 199.

The majority opinion unduly emphasizes the fact that the parties agreed at the commencement of the trial that the correct balance due to the plaintiff, if the plaintiff were entitled to recover same, was $1,062.29, of which $647.72 represented the sale of cigarettes. But this agreement simply means if the plaintiff proved that he was *legally* entitled to such an amount, it would not be necessary to prove the items comprising such an amount. It was simply an agreement of convenience and no more, and is commonly resorted to in the interests of shortening litigation. The statement "under the circumstances nothing remains to be done except to enter a finding in accordance with the agreement of the parties as to the amount due the plaintiff in the event of a finding for the plaintiff" in the last paragraph of the majority opinion, discloses the extent to which the majority opinion has been swayed erroneously by the agreement of counsel as to damages.

Such an agreement, viz., that in the event of a finding for the plaintiff, it should be in a certain amount, could not confer upon the Appellate Division the power to review or make findings of fact, and was not to be interpreted as meaning that if prejudicial error appeared, judgment for the plaintiff should be ordered entered; and where prejudicial error of law was disclosed by the report, but the report did not show all the facts necessary for determining the question in dispute, the Appellate Division had no power to direct the entry of a finding for the plaintiff, under either §124 or §125 of G. L. c. 231 made applicable to the Appellate Division by §110 of c. 231 G. L.

If the trial judge committed prejudicial error, such error vitiated his finding and a new trial should be ordered. But independent of the agreement of the parties, the report does not show all the facts necessary for determining the question in dispute, viz., that of illegality. On the issue of illegality, the report states evidence and not proved facts, and such evidence, though warranting a finding for the plaintiff, does not require such a finding. A question of fact is yet to be determined.

The agreement of the parties as to damages has been misinterpreted by the majority to mean not only a "fixing" of the amount of the damages in the event of a finding for the plaintiff, but also to mean that in any event, whether there is prejudicial error or not, an entry of judgment is to be made for the plaintiff. It is difficult to understand how the majority opinion failed to grasp the real meaning of the agreement of counsel as to damages, and this failure in part has contributed to the erroneous action of the majority of the justices in ordering judgment for the plaintiff in the sum of $1,062.29 after vacating the trial judge's finding for the plaintiff in the sum of $647.72.

Since the evidence of the quantity, brands and

sales prices of cigarettes was omitted from the report the case should stand for a new trial, if justice is to be done to both parties.